

Handley Farah & Anderson PLLC

November 4, 2020

**VIA ECF**
Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 240
New York, NY 10007

Re:   **Belle, et al., v. City of New York, et al., 19 CV 2673 (VEC)**

Dear Judge Caproni:

In accordance with the Court's Individual Rule 4(F), and Federal Rules of Civil Procedure 15 and 21, Plaintiffs respectfully seek leave to amend their Complaint. Specifically, Plaintiffs wish to amend the Complaint solely to add three police officers involved in Plaintiff Richmond Appiah's alleged stop and digital records search – Officers Brian Destefano, Daniel Mardjonovic, and Steven Barry.

Defendants do not oppose Plaintiffs' motion for leave to amend the Complaint. Plaintiffs have shared the proposed amended Complaint in redlined form with counsel for the Defendants, and Defendants have consented to the proposed amendment.

### A. BACKGROUND

This class action lawsuit challenges the New York City Police Department's ("NYPD") unconstitutional practice of detaining people for the purpose of conducting digital records searches without individualized reasonable suspicion. Defendants have identified NYPD officers Destefano, Mardjonovic, and Barry as the members of service involved in Plaintiff Appiah's stop.  *See* Complaint ¶¶ 68-92.  Defendants have been unable to identify any other officers involved in the alleged stops and records searches of the other plaintiffs.

Defense counsel has also represented that pursuant to New York City Law Department policy, they will not produce disciplinary records of officers who are not named as defendants in the lawsuit.  Plaintiffs intend to depose officers Destefano, Mardjonovic, and Barry this month, and hope to obtain related discovery, such as their disciplinary records, without undue delay.

On October 29, 2020, Plaintiffs provided Defendants with a copy of the proposed amended complaint in redlined form.  On October 30, 2020, Defendants consented to the filing of the amendment.

### B.  APPLICABLE LEGAL STANDARDS

The Federal Rules provide that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Indeed, "[i]n the absence of any apparent or declared reason…the leave sought should, as the rules require, be 'freely given.'" *Kroshnyi v. U.S. Pack Courier Servs., Inc*., 771 F.3d 93, 109 (2d Cir. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  As a matter of law, justice requires leave to amend when the moving party has "at least colorable grounds" for the proposed amendment. *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc*., 734 F. Supp. 1071, 1078 (S.D.N.Y. 1990).  A motion to amend may be denied if there is "undue delay, bad faith or dilatory motive" by the moving party. *Foman*, 371 U.S. at 182.

Where a proposed amendment adds new parties, the propriety of amendment is also governed by Rule 21 of the Federal Rules of Civil Procedure. *Momentum Luggage & Leisure Bags v. Jansport, Inc*., No. 00 Civ. 7909 (DLC), 2001 U.S. Dist. LEXIS 415, at *1 (S.D.N.Y. Jan. 23, 2001).  Under Rule 21, a party may be added to an action "at any time, on just terms," and courts must apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Soler v. G & U, Inc*., 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (quoting *Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)).

Where a motion for leave to amend is brought after the time period for amending pleadings has expired pursuant to a court's scheduling order, Rule 16(b)'s "good cause" standard, which is based on the "diligence of the moving party," must be "balanced against" the more "lenient standard under Rule 15(a)." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting *Grochowski v. Phoenix Constr*., 318 F.3d 80, 86 (2003)); see FED. R. CIV. P. 16(b)(4).

### C.  ARGUMENT

777 6th Street, NW – 11th Floor – Washington, DC 20001
T (202)-559-2411 – mhandley@hajustice.com

Plaintiffs have acted diligently.  Plaintiffs have waited since the end of 2019 for Defendants to identify the officers involved in the digital records searches of Plaintiffs Appiah, Quito, and Crespi – all of whom, Defendants confirmed, were subjected to records searches in the time periods alleged in the complaint.  Defendants have previously indicated that, in their opinion, the identified records search for Quito is not relevant to the allegations in the complaint as it was made in connection with a stop resulting in the issuance of a summons.  Defendants have indicated they cannot identify any other records searches for Quito, and have recently indicated that they do not believe they will be able to identify any police officers involved in a physical stop of Crespi.  Because Defendants will not produce the disciplinary records of Officers Destefano, Mardjonovic, and Barry unless they are named Defendants, Plaintiffs wish to amend the Complaint to name those officers; this will enable Plaintiffs to conduct thorough depositions of those officers.

The district court, in the exercise of its discretion under Rule 16(b), also may consider "other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.  *Kassner v. 2nd Ave. Deli., Inc*., 496 F.3d 229, 244 (2d Cir. 2007).  Here, Defendants have already consented to the amendment, thereby nullifying any conceivable prejudice concerns.

### IV.    CONCLUSION

For the reasons described above, Plaintiffs respectfully request that this Court grant their motion for leave to amend the Complaint. A copy of the proposed Amended Complaint is attached as Exhibit A and a red-lined copy comparing the proposed Amended Complaint to the Original Complaint is attached as Exhibit B.

Thank you for your consideration of this matter.

Respectfully submitted,

CYRUS JOUBIN
43 West 43rd Street, Suite 119
New York, NY 10036

MATTHEW HANDLEY
HANDLEY FARAH & ANDERSON PLLC
777 6th Street NW, 11th Fl.
Washington, DC 20001

3

GEORGE FARAH
HANDLEY FARAH & ANDERSON PLLC
81 Prospect Street
Brooklyn, NY 11201

*Attorneys for Plaintiffs*

By: _____

       Cyrus Joubin
       George F. Farah
       Matthew K. Handley
       *Attorneys for Plaintiffs*

4