


THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

**AMANDA MARIE ROLON**
Assistant Corporation Counsel
Phone: (212) 356-2356
Mobile: (646) 951-3806
Fax: (212) 356-3509
Email: arolon@law.nyc.gov

July 9, 2021

**BY ECF**
Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Terron Belle, *et al.* v. City of New York, *et al.*, 19 Civ. 2673 (VEC)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, representing defendants City of New York, Police Officers Destefano, Mardjonovic, and Barry (hereinafter "City Defendants") in the above-referenced matter. City Defendants write respectfully to move for a protective order to quash plaintiffs' second amended 30(b)(6) deposition notice dated June 25, 2021 and served on July 1, 2021.

**Background**

The Amended Complaint alleges that between April 2017 – November 2017 and October 2019, plaintiffs were unlawfully stopped and frisked by NYPD officers for purposes of conducting illegal warrant checks. On November 2, 2020, plaintiffs served their original 30(b)(6) deposition notice. After discovery efforts concerning external audits by Vexcel were completed, plaintiffs' restated their desire to conduct 30(b)(6) depositions. On June 25, 2021, plaintiffs' served the First Amended Notice, which in part, addressed some of the deficiencies outlined in City defendants objections dated June 24, 2021. On July 1, 2021, the parties met and conferred to try and resolve the deficiencies of the notice. On July 1, 2021, plaintiffs' served a Second Amended Notice. On July 7, 2021, the parties met and conferred again in a good faith effort to resolve notice deficiencies. Despite this, the parties are unable resolve this dispute and therefore seek intervention from the Court.

**Standard of Review**

A trial judge has discretion to "whether to limit the boundaries of discovery 'in light of the relevant facts and circumstances of a particular case.' Bank of New York v. Meridien Biao Bank Tanz., 171 F.R.D. 135, 143 (S.D.N.Y. 1997) (quoting Gelb v. American Telephone and Telegraph Co., 813 F. Supp. 1022, 1034 (S.D.N.Y. 1993). Appropriate limits of discovery are explained in the 2015 amendments to Rule 26(b)(1) – namely, that the scope of discovery extends only to nonprivileged matters that are both (a) relevant to a claim or defense and (b) proportional to the needs of the case. See Fed. R. Civ. Pro. 26(b)(1); see also, Woelfle v. Black & Decker (U.S.) Inc., No. 18 Civ. 486 (WKS), 2020 U.S. Dist. LEXIS 43308, at *3 (W.D.N.Y. Mar. 12, 2020). In making this determination, the court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." See id.

Rule 26(c) provides a safeguard from request outside of these boundaries, by permitting "that upon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . (d) forbidding inquiry into certain matters or limiting the scope of disclosure to certain matters." See Fed. R. Civ. Pro. 26(c)(1)(D). Under Rule 26(c), good cause must be established by a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Havens v. Metropolitan Life Insurance Co., No. 94 Civ. 1402, 1995 U.S. Dist. LEXIS 5183, at *10 (S.D.N.Y. April 20, 1995) (internal citations omitted). "Good cause is established by demonstrating a particular need for protection." Woelfle, 2020 U.S. Dist. LEXIS 43308 at *3 (internal citations omitted).

**Argument**

City Defendants seek a protective order to quash plaintiffs' second amended notice of deposition pursuant to Federal Rule of Civil Procedure ("FRCP") 30(b)(6) dated June 25, 2021 and served by plaintiffs on July 1, 2021. As written, the Notice fails to comply with FRCP 30(b)(6) as it is vague and ambiguous, overbroad, and outside of the scope of plaintiffs' individual claims. A 30(b)(6) deposition notice must be designed to "prepare persons in order that they can answer fully, completely, unevasively, the questions posed … as to the relevant matters." See SEC v. Rosenfeld, No. 97 Civ. 1467 (RPP), 1997 U.S. Dist. LEXIS 13996, at *6 (S.D.N.Y. Sept. 12, 1997). "The goal of the Rule 30(b)(6) requirement is to enable the responding organization to identify the person who is best situated to answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter." Fed. Hous. Fin. Agency v. Royal Bank of Scot. Group Plc, No. 11-CV-1383 (AWT), 2015 U.S. Dist. LEXIS 196463, at *6 (D. Conn. Aug. 20, 2015). "The Court must evaluate 'reasonable particularity' based on the nature of the topics listed in the deposition [notice]. 'Reasonable particularity' requires the topics listed to be specific as to subject area and to have discernible boundaries." Parimal v. Manitex Int'l, Inc., No. 19-cv-1910 (MPS), 2020 U.S. Dist. LEXIS 212290, at *3 (D. Conn. Nov. 13, 2020) (citing Winfield v. City of New York, No. 15CV05236(LTS)(KHP), 2018 U.S. Dist. LEXIS 22996, at *5 (S.D.N.Y. Feb. 12, 2018). "The purpose of this rule is to avoid the difficulties encountered by both sides when the party to be examined is unable to determine who within the corporation would be best able to provide the information sought." Parimal, 2020 U.S. Dist. LEXIS 212290, at *3

(quoting Innomed Labs, LLC v. Alza Corp., 211 F.R.D. 237, 240 (S.D.N.Y. 2002)). "Like other forms of discovery, a Rule 30(b)(6) Notice is subject to limitations under Rule 26 of the Federal Rules of Civil Procedure." Parimal, 2020 U.S. Dist. LEXIS 212290, at *3-4 (internal citations omitted). Thus, "[t]he deposition topics must be relevant to any party's claim or defense[,] ... should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity." Id. at 4 (quoting Bigsby v. Barclays Capital Real Estate, Inc., 329 F.R.D. 78, 81 (S.D.N.Y. 2019)). As proposed, plaintiffs' notice cannot be said to "describe with reasonable particularity the matters for examination" as required, and as such, cannot be complied with. See Fed. R. Civ. Pro. 30(b)(6). City Defendants have summarized these deficiencies below.

[Selected] Definitions

*2. The term "NYPD Internal and External Databases" refers to data systems the NYPD uses to maintain, obtain, or review civil and criminal records, data, and information, and includes but is not limited to the Domain Awareness System ("DAS"), the Z FINEST system, the Real Time Crime Center ("RTCC"), the Enterprise Case Management System ("ECMS"), TransUnion TLOxp, and the Criminal Group Database.*

*3. The term "Records Search" refers to the process by which police officers search NYPD Internal and External Databases for records, data, and information related to the person detained, including but not limited to warrants, investigation cards (hereinafter "I-cards"), orders of protection, arrest records, suspected gang affiliations, and suspected matches to open cases.*

*10. Unless otherwise specified, the relevant time period for the topics is from January 1, 2009 to present. For the purposes of the July 1, 2021 partial 30(b)(6) deposition, the relevant time period is from 2017 to present.*

Topics 6 through 10

*(6) The maintenance and use of NYPD Internal and External Databases including, but not limited to the (i) Domain Awareness System, (ii) the Z Finest system and (iii) the Criminal Group Database.*

*[sic] (8) Any other databases or data compilations (aside from the NYPD Internal and External Databases) used by police officers for Record Searches or warrant checks.*

*(9) The retention and preservation of any information, data or records by the City or the NYPD reflecting the occurrence of Records Searches and warrant checks.*

*(10) Any analysis, review, audits or reports of Record Searches and warrant checks conducted by the City or the NYPD.*

***Overbreadth***

Topics 6 through 10 are overbroad due to Definition 10 which does not sufficiently circumscribe to the relevant timeframes identified in this action, namely from April 2017 until October 2017 and October 2019, making it susceptible to obtaining information not relevant to claims asserted in this action and protected by a law enforcement privilege. The individual plaintiffs' have only identified alleged causes of action based on 2017 and 2019 incidents where they were stopped on the street. A blanket inquiry into all topics above, as proposed, from "January 2009 to present" or alternatively from "2017 to present" is entirely too broad and likewise irrelevant to the ultimate issue of whether plaintiffs' constitutional rights were violated. Instead,

plaintiffs timeframe should denote only those relevant and proportional to the individual claims of this case. Without waiving these objections, Defendants can prepare 30(b)(6) witness(es) to testify as to recent NYPD audits exchanged in an effort to confirm the alleged dates of incident. Otherwise, there is no legitimate reason to inquire into anything "present."

Further, the expansive nature of these inquiries implicates information not tethered to any individual claims asserted in this action and exclusively reserved for *Monell* discovery. For example, Topic 6 would venture into the "present" "use" of "NYPD internal and external databases." Information such as this, which is embedded in practically every proposed deposition topic, presents a great risk of entering into discovery that is not relevant nor proportional to the needs of this case, and impermissibly enter into reserved discovery (i.e. inquries into present-day NYPD policies, practices, or procedures). Defendants seek to limit inquiries to (a) timeframes of individual claims (i.e. April – October 2017 and October 2019), and (2) limit "present" inquiries to NYPD analysis and audits exchanged in an attempt to confirm those alleged dates of incident. Any future or broader inquiries, if warranted, is better suited for *Monell* discovery.

The definition of "NYPD Internal and External databases" is too broad and likely to obtain information that is irrelevant and/or protected by law enforcement privilege . In this action, plaintiffs allege police officers accessed NYPD systems specifically during the course of a stop for determining whether a detainee had a warrant. Despite this very specific claim, plaintiffs are seeking information related to the process by which the "NYPD uses to maintain, obtain, or review civil and criminal records, data, and information, and includes but is not limited to the Domain Awareness System ("DAS"), the Z FINEST system, the Real Time Crime Center ("RTCC"), the Enterprise Case Management System ("ECMS"), TransUnion TLOxp, and the Criminal Group Database(s)." Plaintiffs have not articulated any legitimate rationale or relevancy for broad database inquiries. Notably, the NYPD has a myriad of databases and systems used and accessed for various reasons, most of which do not apply to the specific incidents alleged in this action, and many of which are protected by Law Enforcement privileges. "WISE" is only one example of a database explicitly identified by plaintiffs as a relevant for purposes of anticipated inquiry (presumably within the catch-all "including but not limited to" language); however, this database is used exclusively in connection with NYPD detective units' investigations, and like many NYPD internal databases is not used in the capacities described in the Amended Complaint. Moreover, because of its investigative function, inquiries into WISE are generally protected law enforcement privilege. Further, given the broad range of databases potentially implicated, plaintiff's proposal that a deponent be prepared to testify as to any databases is impractical, unnecessary, unduly burdensome, irrelevant and not proportional to the needs of this case, particularly when propounded by the timeframe issue discussed infra. Without waiving these objections, City defendants seek to limit inquiries concerning databases to the three databases identified as available to NYPD police officers during the course of a stop to determine whether a detainee had a warrant (DAS, Zfinest, and ADW (albeit in a very limited capacity)).

The definition of "Record Searches" is also too broad and seeks information not relevant or proportional to the needs of this case. Despite alleging specific instances of warrant searches, plaintiffs seek information pertaining to "the process by which police officers search NYPD internal and external databases for records, data, and information related to the person detained, including but not limited to *investigation cards, orders of protection, arrest records, suspected gang affiliations, and suspected matches to open cases*." First, these types of searches

or the processes used to conduct them have no bearing on plaintiffs' constitutional claims. Second, there is no information on the record to plausibly suggest any of this data was ever obtained in connection with plaintiffs' stops, and is therefore not relevant or proportional to the needs of this case. This inquiry also seeks information that is protected by law enforcement privilege, and bifurcated (as a policy, practice, or procedure under *Monell*). Without waiving these objections, City defendants seek to limit the definition of record searches to warrant searches as alleged by plaintiffs.

***Vague and Ambiguous Terms***

The terms "external," "aside from," "any," and "including but not limited to," are vague and ambiguous in their respective contexts making it difficult to adequately prepare a 30(b)(6) witness. First, plaintiffs seek information pertaining to "external" databases, but do not identify such databases nor articulate how information pertaining to external databases is relevant or proportional to the needs of this case. As discussed and explored through arduous document discovery, only DAS, ZFINEST, and ADW could have been used by officers during the course of a stop. Accordingly, inquiries into databases should be exclusively limited to the three identified systems relevant to this action, and not any (unidentified) external databases. Second, plaintiffs must clarify what is meant by databases "*aside from* the NYPD internal and external databases". The amended complaint alleges police officers conducted searches through NYPD databases. To date, the parties have only discussed search efforts conducted through NYPD databases.[1] Not only is it unclear what type of information is being sought, it is also difficult to conceptualize the relevance of such inquiries, or adequately prepare a deponent to testify as such. Lastly, the catch-all phrase "including but not limited to" as used in this context potentially "generates so many topics it defeats the purpose of enumeration." See Woelfle, 2020 U.S. Dist. LEXIS 43308, at *4 (articulating this boundary for determining over-broadness in the context of "including but not limited to" deposition notice language).

City Defendants seek 30(b)(6) deposition parameters that are sufficiently narrowed to the facts of this case and which complies with FRCP 30(b)(6). Defendants are willing to accommodate narrow, reasonable, and relevant parameters that are appropriate for a deposition pursuant to FRCP 30(b)(6). Plaintiffs' 30(b)(6) deposition topics and selected definitions are overbroad, vague and ambiguous and seek information that is privileged and/or not relevant or proportional to needs of this case.

**GEORGIA M. PESTANA**
Acting Corporation Counsel of the City of New York
*Attorney for City Defendants*
100 Church Street
New York, New York 10007
(212) 356-2356

By: *\/s/ Amanda Rolon*

[1] It is worth distinguishing between the external archival efforts used to confirm searches conducted through relevant NYPD proprietary databases.

Assistant Corporation Counsel
Special Federal Litigation Division