

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**AMANDA MARIE ROLON**
Assistant Corporation Counsel
Phone: (212) 356-2356
Mobile: (646) 951-3806
Fax: (212) 356-3509
Email: arolon@law.nyc.gov

July 16, 2021

**BY ECF**
Honorable Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Terron Belle, *et al.* v. City of New York, *et al.*</u>, 19 Civ. 2673 (VEC)(BM)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, representing defendants City of New York, Police Officers Destefano, Mardjonovic, and Barry (hereinafter "City Defendants") in the above-referenced matter. Pursuant to Your Honor's Order dated July 13, 2021, City Defendants respectfully submit the instant response in further support of their motion for protective order to quash plaintiffs' second amended 30(b)(6) deposition notice. (<u>See</u> <u>ECF</u> Nos. 127, 131 and 132.)

By way of procedural background, City defendants filed a motion for protective order to quash plaintiffs' second (30(b)(6) deposition notice on July 9, 2021. (<u>ECF</u> No. 127.) That same day, plaintiffs filed their own letter seeking clarification as to proper discovery practices. (<u>ECF</u> No. 128.) On July 12, 2021, this matter was referred to Your Honor for general pretrial management and discovery dispute resolution related to defendants' 30(b)(6) deposition. On July 15, 2021, plaintiffs filed a letter in opposition to defendants' motion.

**ARGUMENT**

*There is good cause for a protective order to prevent City defendants from the undue burden of preparing (multiple) 30(b)(6) deponents to testify to topics that are neither relevant nor proportional to the individual needs of this case.*

   A. Database inquiries must be limited to NYPD databases accessible to officers in 2017 and 2019, during the course of a random stop, to determine whether a detainee had a warrant.

City defendants interpret plaintiffs' individual claims to allege that during the course of a random stop officers collected identification to conduct unlawful electronic warrant searches. Despite plaintiffs' repeat representation as such, plaintiffs now purport to expand this criteria without sufficient rationale. Plaintiffs have continuously maintained that unlawful warrant searches were conducted during the course of a stop. Plaintiff cites to language added through the amended complaint which they believe support expansive deposition topics. See ECF 132. Ironically, plaintiffs' application seeking leave to amend the complaint actually supports defendants' argument. See, Application Seeking Leave to File Amended Complaint, ECF No. 32 ("This class action lawsuit challenges the New York City Police Department's ("NYPD") unconstitutional practice of detaining people for the purpose of conducting warrant searches without individualized reasonable suspicion."). In seeking leave, plaintiffs also contend "Defendants…were unable to complete searches for the warrant checks alleged by the currently named Plaintiffs until December 19, 2019." Id.

Plaintiffs have not established information on the record to support an expanded NYPD database criteria. In fact, plaintiffs themselves state that NYPD officers stopped them to conduct warrant searches. See "NYPD's Unlawful Warrant Searches," Handley Farah & Anderson PLLC (https://www.hfajustice.com/current-cases/unconstitutional-warrant-searches/); see also, "Stop-and-Frisk Never Really Ended. Now It's Gone Digital" by Alice Speri, The Intercept (https://theintercept.com/2020/10/13/nypd-stop-frisk-warrants-lawsuit/) (October 13, 2020) (hereinafter "The Intercept). The intercept records plaintiff Terron Belle indicating officers were "doing a 'warrant check'". See The Intercept. Likewise, the article asserts that during the course of plaintiff Edison Quito's alleged stop "Officers ran the ID but found no warrants." Id.

Deposition testimony further supports limiting database inquiries to those available to officers during the course of a stop for purposes of determining whether a detainee had a warrant. Plaintiff Richmond Appiah testified that during the course of his stop, an NYPD officer "… was looking at my ID with his phone. I asked what he was doing, and he said he was checking for a warrant, to make sure I didn't have any." (Deposition of Richmond Appiah, Page 38, lines 2 through 5.) Along these same lines, plaintiff William Rios testified officers "… went through my pockets and they took everything out that I had in my pocket and after that he went to the car to get a search that I had a warrant or something because they didn't find nothing on me so they went to the car to see if I had any warrants." (Deposition of William Rios, Page 43-44, lines 23-25 and 1-4.)

Therefore, all deposition inquiries concerning databases are in fact limited to the databases available to officers during the course of a stop to determine whether a detainee has a warrant, namely, DAS, ZFINEST, and ADW. The need for this limitation becomes even more

apparent when plaintiffs' counsel articulates a desire to depose 30(b)(6) deponents on various NYPD databases, including some which are not even mentioned in the second amended notice (i.e. WISE, OCA CRIMS).  Plaintiffs position regarding an unfair duty to "exhaustively name the databases the City of New York itself possesses" cuts both ways.  Defendants should not be required to prepare a deponent on any NYPD database without plaintiffs, at a minimum, making some factual connection to the individual claims.  It is reasonable to limit the scope of databases to those which could've actually been used as plaintiffs allege.  Otherwise, an attempt to "exhaustively" identify potential databases is unduly burdensome and not proportional to the needs of this case.

   B. Deposition Topics Purport to Venture Into De Facto <u>Monell</u> Discovery

Despite the assertion that Monell lines of inquiry have been removed from plaintiffs' notice, the deposition topics purport to venture into de facto Monell discovery.  For example, lines of inquiry concerning "processes" by which officers perform "current" "record searches," is the most apparent way plaintiffs purport to obtain information unrelated to the individual claims and more appropriate for bifurcated Monell discovery.  Plaintiffs have been adamant with their refusal to remove inquiry into current practices or databases uses.

   C. The Overbreadth of Proposed Deposition Topics Implicates the Law Enforcement Privilege

The law enforcement privilege encompasses protections from plaintiffs inquiries into, among other things, "information pertaining to law enforcement techniques and procedures."  "If the privilege applies, there is a 'strong presumption' against lifting the privilege.  That presumption can only be rebutted by the party seeking disclosure showing … (3) there is a compelling need for the privileged information.  <u>Dorsett v. County of Nassau</u>, 762 F. Supp. 2d 500, 520 (E.D.N.Y. Jan. 14, 2011).  Here, most notably, plaintiff cannot articulate a compelling rationale for needing information related to "current" "use" of databases, such as WISE.  WISE is a privileged NYPD database that is factually irrelevant (i.e. cannot be used by police officers during the course of a random stop to determine whether a detainee has a warrant.)  Further, it remains unduly burdensome to prepare a deponent to speak to "external" databases such as OCA "CRIMS" when that database is not within the control of the NYPD nor can it be accessed in the ways alleged by plaintiffs.

In conclusion, City defendants maintain plaintiffs notice lacks the reasonable particularity required, and seeks information that is not relevant or proportional to the individual claims asserted here.  Defendants have demonstrated good cause to limit the scope of plaintiffs' 30(b)(6) deposition topics as outlined in their moving papers and herein.

City Defendants thank the Court for its consideration of this request.

By:     */s/ Amanda Rolon*
        Assistant Corporation Counsel
        Special Federal Litigation Division

**ECF**
*Attorneys for Plaintiffs*