UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TERRON BELLE (on behalf of himself and others similarly situated), WILLIAM RIOS (on behalf of himself and others similarly situated), BONACIO CRESPI, JAMEEL LANG, RICHMOND APPIAH, EDISON QUITO, and LUIS RIOS,

                        Plaintiff,

-against-

CITY OF NEW YORK, JOHN DOE 1-50 (*New York City Police Officers, in their individual and official capacities*), BRIAN DESTEFANO (*individually and in his official capacity*), DANIEL MARDJONOVIC (*individually and in his official capacity*), STEVEN BARRY (*individually and in his official capacity*,

                        Defendants.

------------------------------------------------------------------------ x

**DECLARATION OF AMANDA ROLON**

19 Civ. 2673 (VEC)

      **AMANDA ROLON**, an attorney duly admitted to practice in the State of New York, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

      1.     I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, attorney for Defendants City of New York, Brian Destefano, and Daniel Mardjonovic (hereinafter "City defendants"). As such, I am familiar with the facts and circumstances of this action. I make this declaration in support of City defendants' Memorandum of Law in Opposition to Plaintiffs' Application for Leave to File a Third Amended Complaint, and to submit the exhibits below.

      2.     Plaintiffs commenced this action on March 29, 2019. Plaintiffs filed a First Amended Complaint on January 3, 2020. Annexed hereto as Exhibit "A" is a copy of Plaintiffs' First Amended Complaint adding Edison Quito as a plaintiff (hereinafter "FAC"). This FAC

alleges police officers conducted a record search of the name "Edison Quito" and is devoid of other specific details describing physical characteristics or attributes of the purported defendant(s), such as height, weight, eye color, hair color, facial hair/clean-shaved, scars, tattoos, or other physical markings.  The FAC never mentioned the name "Edison Pelaez".

3. Annexed hereto as Exhibit "B" is a copy of Plaintiffs' Second Amended Complaint, dated and filed on November 6, 2020, in the in the United States District Court for the Southern District of New York (hereinafter "SAC").  The SAC similarly alleges police officers conducted a record search of the name "Edison Quito" and is devoid of other specific details describing physical characteristics or attributes of the purported defendant(s), such as height, weight, eye color, hair color, facial hair/clean-shaved, scars, tattoos, or other physical markings.  The SAC also never mentions the name "Edison Pelaez".

4. Annexed hereto as Exhibit "C" is a copy of City Defendants' Supplemental Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents dated and produced on July 31, 2020, including DAS Audit Search Results using the last name "Quito".  "Quito" was the only last name disclosed to defendants in connection with plaintiff "Edison Quito".  Plaintiffs had not, and did not, disclose the name "Edison Pelaez " in relation to record searches being conducted by the parties.

5. Annexed hereto as Exhibit "D" is a copy of City Defendants' Supplemental Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents dated and produced on July 31, 2020, including the OATH

summons issued to "Edison Quito" on September 17, 2017, bearing bates stamp no. DEF42. Plaintiff then took the deposition of PO Damani Moran to determine if this was the incident alleged in the complaint. Plaintiffs subsequently advised that this was not the incident involving the search of "Edison Quito" alleged in the FAC and SAC.

6. Annexed hereto as Exhibit "E" is a copy of the search term criteria created by plaintiffs' counsel dated and produced on January 13, 2021, where, for the first time (since the commencement of this action over two years ago and the addition of plaintiff "Edison Quito" over one year prior), plaintiffs introduced the name "Edison Pelaez" in connection with plaintiff "Edison Quito". Plaintiff had withheld the name "Edison Pelaez" and had never disclosed it to defendants prior to January 13, 2021. Before January 13, 2021, plaintiffs had only disclosed the name "Edison Quito" to defendants, despite that information being squarely in plaintiff Edison Quito's knowledge and control. Defendants exhausted significant efforts to identify incidents involving "Quito," including internal and third-party audits, the non-party deposition of PO Damani Morgan who conducted a name search of "Edison Quito" on March 12, 2018, and discovery related to searches for the name "Edison Quito," including:

- Summons Issued to "Edison Quito" on September 17, 2017, bearing bates stamp nos. DEF42-DEF43.
- PO Damani Morgan memo book entries for March 12, 2018, bearing bates stamp nos. DEF134- DEF135

7. Annexed hereto as Exhibit "F" is a copy City Defendants' Eighth Supplemental Disclosures dated March 31, 2021, including NYPD 2nd Audit Results using the January 13, 2021 search criteria (where defendants for the first time had been provided the name "Edison Pelaez" by plaintiffs), bearing bates stamp nos. DEF2800- DEF2806. With this last name, defendants also moved swiftly to identify records, if any, related to NYPD 2nd audit findings on "Edison Pelaez".

8.    Annexed hereto as Exhibit "G" is a copy City Defendants' Tenth Supplemental Disclosures dated April 1, 2021, including "Second Vexcel Audit," detailing the audit results of a third-party vendor using the January 13, 2021 search term criteria which plaintiffs basically disclosed the name "Edison Pelaez," bearing bates stamp nos. DEF2807 - DEF2811.  Vexcel audit findings revealed that almost four years prior Police Officer Paulino conducted a DAS search of the name "Edison Pelaez" before his partner issued an OATH summons for public urination to "Edison Pelaez".

9.    Annexed hereto as Exhibit "H" is a transcript recording of the deposition of plaintiff, Edison Quito conducted on May 7, 2021, wherein plaintiff made the following statements, which differentiate the July 14, 2017 incident from the incident he originally alleged.

- Never gave the name "Pelaez" to a police officer (12:24- 13:1).
- Did not have a work ID on the day he was stopped by police for this lawsuit (13:23-13:25).
- No longer has the work ID he possessed on the day he was stopped. (14:3-5).
- The work ID he possessed around the time of incident listed name "Edison R. Quito" (14:18-19).
- Had a learner's permit on his person when he was stopped by the police (15:9-11).
- Lost his learner's permit in 2018 (15:12-14).
- The information listed on his learner's permit is the same as listed in his current driver's license, including name "Edison Quito," date of birth, home address. (16: 9-16)
- Cannot recall the year and season of the incident or whether it took place on a weekend or weekday (39:23-40:4).
- Stood outside the front of his residential building [351 St. Nicholas Avenue] for five to ten minutes before police officers stopped him at that location (49:20-23).
- Indicated you basically have to walk two blocks to get to the park from his residence. (51:9-16).
- Indicated the car that approached him was not an NYPD car, but a car without police markings driven by an undercover officer dressed in plain clothes (55: 16-19; 56: 17-21).
- Cannot recall specific physical characteristics of police officer plaintiff described as white and chunky including height, hair or lack thereof, hair color, visible tattoos, visible scars, age, or description of clothing.(60:23-62: 22).
- Cannot recall specific physical characteristics of police officer plaintiff described as Hispanic officer, around 5'6 or 5'7 in height and dark skin – not African American,

including visible tattoos, facial hair, visible scars, hair or lack thereof, eye color, glasses, an weight (plaintiff describes this officer as an average little guy) (63:21-65:7).
- Provided police officers that stopped him with his New York State learner's permit bearing the name Edison Quito (69:11-15).
- States officers returned his identification without further incident. (72:24-73:1; 74:5-9).

10. "Annexed hereto as Exhibit "I" is a copy of City Defendants' Twelfth Supplemental Disclosures, dated and produced April 12, 2021, including the OATH summons issued by PO Soul Kim on July 14, 2017 at 10:30 p.m. to "Edison Pelaez" who provided a "work ID" at West 130 Street and Saint Nicholas Terrace (approximately 0.2 miles away from location of incident alleged), and the July 14, 2017 memo book entries of PO Euris Paulino, bearing bates stamp nos. DEF 2877-DEF2884. Plaintiff has repeatedly maintained that after officers conducted a search of "Edison Quito," officers returned his NYS Learner's Permit without further incident. Plaintiff never alleged he received a summons under the name "Edison Pelaez". Likewise, plaintiff testified he did not have his work id on the date of incident that he alleged in the FAC and SAC.

11. Annexed hereto as Exhibit "J" is a copy of City Defendants' Sixteenth Supplemental Disclosure dated June 3, 2021, including the 26th precinct roll call for July 14, 2017 reflecting PO Euris Paulino's assignment to the "Impact" Unit, bearing bates stamp no. 3046.

12. Annexed hereto as Exhibit "K" is a transcript recording the non-party deposition of Euris Paulino conducted on June 30, 2021, wherein PO Euris Paulino states on July 14, 2017 he was part of the uniformed impact unit.

- Assigned to the Impact Unit on July 14, 2017 and as a member of that unit wore standard NYPD uniform operating a marked vehicle (26:9-13; 70:11-20).
- Partnered with Police Officer Kim on July 14, 2017 as part of patrol not the conditions unit (88:7-22).

- At various points, Po Euris Paulino testified that he could not remember details in response to questions concerning the July 14, 2017 incident (13:6-9; 25:20-22; 42:24-43; 44:11-24; 46:11-21; 93: 3-6; 111:3-8, and so on).

13. Annexed hereto as Exhibit "L" is a copy of the Joint Stipulation and Order Concerning Protocol for Conducting Remote Depositions endorsed by the Court on November 20, 2020, including a provision that expressly prohibits any video recording of the deposition without prior consent of all parties, and which plaintiffs violated on June 30, 2021 when taking "screenshots" of PO Euris Paulino during his remote deposition without consent. Plaintiff also violated the terms of the remote deposition stipulation, which specifically held "this video conference will not be recorded in any manner and that any recording without the express written consent of all parties shall be considered unauthorized, in violation of law and shall not be used for any purpose in this litigation or otherwise." (See Rolon Decl., Exhibit K, page 4, lines 12-18.) Plaintiffs' counsel shared the prohibited screenshots with plaintiff Edison Quito for examination, in further violation of the deposition stipulation for PO Euris Paulino and PO Euris Paulino's personal privacy.

Dated: New York, New York
August 20, 2021

        **GEORGIA M. PESTANA**
        Corporation Counsel of the City of New York
        *Attorney for City Defendants*
        By:    /s/ Amanda Rolon
        *Assistant Corporation Counsel*
        Special Federal Litigation Division
        100 Church Street, Room 3-201
        New York, New York 10007
        Office: (212) 356-2356
        Mobile: (646) 951-3806

**VIA ECF:**
*Attorneys of Record*