19 Civ. 2673 (VEC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRON BELLE (on behalf of himself and others similarly situated), WILLIAM RIOS (on behalf of himself and others similarly situated), BONACIO CRESPI, JAMEEL LANG, RICHMOND APPIAH, EDISON QUITO, and LUIS RIOS,

                Plaintiffs,

-against-

CITY OF NEW YORK, JOHN DOE 1-50 (New York City Police Officers, in their individual and official capacities), BRIAN DESTEFANO (individually and in his official capacity), DANIEL MARDJONOVIC (individually and in his official capacity), STEVEN BARRY (individually and in his official capacity),

                Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

*GEORGIA M. PESTANA*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, New York 10007*
*Of Counsel: Amanda Rolon*
*Tel: (212) 356-2356*
*Matter No. 2019-022387*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 2

STATEMENT OF PERTINENT FACTS ............................................................................. 4

ARGUMENT

    THE COURT SHOULD DENY PLAINTIFFS' PROPOSED JULY 14TH AMENDMENTS AS FUTILE, UNTIMELY, AND UNDULY PREJUDICIAL .......................................................................................... 7

    A. Plaintiff Edison Quito's Proposed Amendments Are Futile as Time-Barred. ........................................................ 8

    B. Plaintiffs' Proposed Amendments Do Not Relate Back to the Original Complaint. ........................................ 9

        1. Relation Back Under Fed. R. Civ. P. 15(c)(1)(C) .......................................................................... 10

        2. Relation Back Under Fed. R. Civ. P. 15(c)(1)(A) .......................................................................... 12

            i.  C.P.L.R. § 1024 ............................................................................ 12

            ii. C.P.L.R. § 203 .............................................................................. 13

CONCLUSION ................................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**                                               **Pages**

Aslanidis v. U.S. Lines, Inc.,
   7 F.3d 1067 (2d Cir. 1993) .................................................................................................11

Barrow v. Wethersfield Police Dept.,
   66 F.3d 466 (2d Cir. 1995) ..................................................................................................10

Buran v. Coupal,
   87 N.Y.2d 173 (1995)..........................................................................................................12

Burroughs v. Dorn,
   No. 13-CV-3609 (ARR) (LB), 2013 U.S. Dist. LEXIS 177902
   (E.D.N.Y. Dec. 10, 2013) ......................................................................................................7

Cotto v. City of New York,
   2018 U.S. Dist. LEXIS 104068 (S.D.N.Y. June 20, 2018) ...................................................6

Grace v. Rosenstock,
   228 F.3d 40 (2d Cir. 2000) ....................................................................................................6

Hagans v. Nassau Cty. Police Dep't,
   2020 U.S. Dist. LEXIS 47090 (E.D.N.Y. Mar. 18, 2020)......................................................7

Hogan v. Fischer,
   738 F.3d 509 (2d Cir. 2013) ...............................................................................7, 10, 11, 12

Lucente v. IBM Corp.,
   310 F.3d 243 (2d Cir. 2002) ..................................................................................................6

Myers v. City of New York,
   2015 U.S. Dist. LEXIS 199107 (S.D.N.Y. Sept. 30, 2015)...................................................6

Owens v. Okure,
   488 U.S. 235 (1989) ..............................................................................................................7

Paige v. Police Dep't,
   121 F. Supp. 2d 723 (N.D.N.Y. Nov. 30, 2000),
   aff'd 264 F.3d 197 (2d Cir. 2001) .......................................................................................13

Ruotolo v. City of New York,
   514 F.3d 184 (2d Cir. 2008) ..................................................................................................6

Scott v. Spring Valley,
   11-cv-4167, 2013 U.S. Dist. LEXIS 155119 (S.D.N.Y. Oct. 28, 2013) .................................9

**Cases**                                                                                                          **Pages**

Singleton v. City of New York,
   632 F.2d 185 (2d Cir. 1980) ..................................................................................................7

Strada v. City of New York,
   2014 U.S. Dist. LEXIS 94687 (E.D.N.Y. 2014) ....................................................................11

Wallace v. Kato,
   549 U.S. (2007) ........................................................................................................................7

United States ex rel. Wood v. Allergan, Inc.,
   2020 U.S. Dist. LEXIS 101655 (S.D.N.Y. June 10, 2020) .....................................................13

**Statutes**

42 U.S.C. § 1983 ..............................................................................................................4, 7, 8

C.P.L.R. § 203 ...................................................................................................1, 8, 11, 12, 13

C.P.L.R. § 1024 .................................................................................................1, 8, 11, 12, 13

Fed. R. Civ. P. 4(m) ....................................................................................................................1, 9

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................6

Fed. R. Civ. P. 15(c) .................................................................................................................11

Fed. R. Civ. P. 15(c)(1)(A) ............................................................................................1, 8, 11, 13

Fed. R. Civ. P. 15(c)(1)(C) ..............................................................................................1, 8, 9, 13

**Other Authorities**

Executive Order 202.8 ..................................................................................................................8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TERRON BELLE (on behalf of himself and others similarly situated), WILLIAM RIOS (on behalf of himself and others similarly situated), BONACIO CRESPI, JAMEEL LANG, RICHMOND APPIAH, EDISON QUITO, and LUIS RIOS,

                            Plaintiffs,

-against-

CITY OF NEW YORK, JOHN DOE 1-50 (New York City Police Officers, in their individual and official capacities), BRIAN DESTEFANO (individually and in his official capacity), DANIEL MARDJONOVIC (individually and in his official capacity), STEVEN BARRY (individually and in his official capacity),

                            Defendants.
------------------------------------------------------------------------ x

19 Civ. 2673 (VEC)

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

        Defendants City of New York, Brian Destefano, and Daniel Mardjonovic (hereinafter "City Defendants") by their attorney, Georgia M. Pestana, Corporation Counsel of the City of New York respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Application for Leave to File a Third Amended Complaint, pursuant to Federal Rules of Civil Procedure 4(m), 15(c)(1)(A), 15(c)(1)(C), and C.P.L.R. §§ 1024 and 203, to oppose the futile and prejudicial amendments seeking to assert time-barred claims against individual defendant PO Euris Paulino stemming from a July 14, 2017 issuance of summons (hereinafter "July 14th Amendments").

**PRELIMINARY STATEMENT**

Plaintiffs seek to amend the complaint for a third time to now add futile claims against an individual officer, who, if added as a defendant would be unduly prejudiced in having to defend an action after the statute of limitations has expired, and well past the court's scheduling deadline for amendments in this case. To satisfy their burden under the various applicable rules, plaintiffs purport to claim diligence on their part in seeking to identify Officer Paulino, blame the defendants for plaintiffs' delay, and unjustifiably claim the prior pleadings provided adequate notice to both Officer Paulino and the City Defendants. None of plaintiffs' assertions are accurate as plaintiffs are the reason for the delay in identifying Officer Paulino and the allegations in the prior pleading did not provide adequate notice to either Officer Paulino's identity or this new July 14, 2017 incident they now seek to add.

*Plaintiffs Withheld The Name "Edison Pelaez" Until January 13, 2021 and Thus Their Motion For Relation Back Should Be Denied.*

First and foremost, plaintiffs withheld and never disclosed the name "Edison Pelaez" until just earlier this year in January 2021. Plaintiffs withheld that critical piece of information and did not disclose it here ***until*** three and a half years after the date of incident, almost two years after this lawsuit was filed, and over one year after "Edison Quito" was specifically added as a named plaintiff in the first amended complaint.. During that time, defendants exerted considerable time and resources seeking to identify street stops of plaintiff "Edison Quito." Indeed, defendants identified several stops of "Edison Quito" that became the subject of discovery.. Plaintiffs even deposed an officer involved in one of the stops of "Edison Quito". None of those stops of "Edison Quito," however, turned out to be similar to the stop alleged in this action. Then, and only then, for the first time, in January 2021 did plaintiffs first disclose the name "Edison Pelaez." The name "Edison Pelaez" then yielded different results, one

2

of which is the OATH summons for public urination that plaintiffs now seek to add to this action. Plaintiffs' motion is contingent upon satisfying the relation back doctrine because it is undisputed that the statute of limitations has expired on the proposed July 14, 2017 Amendments, and should be rejected based upon plaintiffs withholding and failure to disclose the name "Edison Pelaez" until January 2021 and their attempt to now blame defendants for their untimely proposed amendment.

### *The July 14th Amendments Also Do Not Relate Back and Must Be Denied Because the July 14th Incident Is Not The Same One About Which "Edison Quito" Originally Complains.*

Equally detrimental to plaintiffs proposed amendment to add officer Paulino and the July 14, 2017 incident is that the July 14th amendments also do not relate back because there are distinct material differences, outright and as corroborated by the record, that distinguishes the July 14, 2017 incident from the incident plaintiff "Edison Quito" originally alleged. For example, the July 14, 2017 incident involved a stop (a) at or around 10:30 p.m. (b) at West 130th Street and St. Nicholas Terrace (c) where uniformed officers (d) in a marked NYPD vehicle (e) after observing plaintiff urinating in public (f) conducted a DAS search of the name listed on the work I.D. provided (with the name "Edison Pelaez") (g) and issued plaintiff a summons for public urination. These facts are distinct from those alleged by plaintiff "Edison Quito" in the current operative complaint or deposition that (a) around 8:00-9:00 p.m. (b) in front 351 St. Nicholas Avenue (c) two plain-clothes officers (d) in an unmarked car (e) stopped and detained plaintiff without probable cause (f) collected plaintiff's N.Y.S. learners permit bearing the name "Edison Quito" (g) and returned plaintiff's N.Y.S. learners permit without incident or penalty. These two incidents are materially distinct from one another, and plaintiff proffers no explanation for these differences.

Indeed, the telltale sign that these are distinct and different incidents and should

3

not relate back is the fact that plaintiff "Edison Quito" alleges in the operative complaint that he provided the officer with his learner's permit bearing the name "Edison Quito" and that it was the name "Edison Quito" for which the officer ran an NYPD records search**.**  To the contrary, the July 14th incident which plaintiffs now seek to add indisputably shows that the record search was conducted on the name "Edison Pelaez" and not "Edison Quito" as plaintiff alleges in the complaint.  Thus, based on plaintiff's own allegations, the July 14th incident cannot be the same incident as pled previously by plaintiff Quito.  Plaintiffs' July 14 Amendments thus do not relate back and are barred by the statute of limitations.

For the all the same reasons, the prior allegations in the complaint also did not, and could not, have provided adequate notice to Officer Paulino or the City Defendants that either the July 14 2017 encounter with "Edison Pelaez" was at issue in this case or that Officer Paulino was involved.  Not only are the incidents different and thus inadequate for proper notice to relate back, but the prior allegations provided no details about the identity or characteristics of Officer Paulino to provide him or the City defendants adequate notice (other than that one officer was white and the other Hispanic).  There were no allegations as to the officer's age, height, weight, hair or eye color, or any other features of the alleged officer involved that would have provided adequate notice to Officer Paulino or the City defendants that plaintiff "Edison Quito" was alleging the involvement of Officer Paulino.

For all these reasons, and as demonstrated more fully *infra*, plaintiffs' proposed July 14th amendments do not relate back to the amended complaint and plaintiffs' motion to add PO Paulino as a defendant and to include the July 14, 2017 incident date should be denied.

### STATEMENT OF PERTINENT FACTS

On January 3, 2020, plaintiffs filed their first amended complaint purporting to assert Section 1983 claims on behalf of plaintiff "Edison Quito" related to a brief street

encounter that took place "one evening in summer of 2017," but never mentioned the name "Edison Pelaez." (See Declaration of Amanda Rolon dated August 20, 2021 ("Rolon Decl."), Exhibit A, at ¶ 93.) "Edison Quito" alleged that the incident involved "two male, plain-clothes police officers [], one white, the other Hispanic – emerged from their unmarked car, which was parked in front of Mr. Quito's apartment building." (Id. at ¶ 96.) Significantly, the operative amended complaint also alleged that in response to a request for identification "Mr. Quito handed the officers his New York State learner's permit…" (id. at 102), which bore the name "Edison Quito," and not "Edison Pelaez" (Rolon Decl. Exhibit H, 16:9-16.) The operative amended complaint also states that an officer went inside the car and "ran a NYPD records search" for the name "Edison Quito". (Rolon Decl., Exhibit A, at ¶104.) The plaintiff further alleges that after determining no warrants were found for the name "Edison Quito," "the officers got out of the car and handed back Mr. Quito's ID [NYS Learner's Permit]. (Id. at ¶106.) Based on plaintiff's own allegations, which the parties must accept as true, the name search of plaintiff was conducted using the name "Edison Quito," and not the name "Edison Pelaez". These exact facts were alleged in plaintiffs' second amended complaint filed on November 18, 2020. (Rolon Decl., Exhibit B, at ¶ 102-107.)

    The parties conducted discovery for name searches of "Edison Quito" as alleged in the first and second amended complaints. All through 2020, plaintiffs continued to represent that they sought records for name searches of "Edison Quito," and demanded extensive discovery on any results for name searches of "Edison Quito," including but not limited to conducting a deposition of Police Officer Damani Morgan on December 30, 2020 because he performed a name search of "Edison Quito" on March 12, 2018. (See Rolon Decl., Exhibit E.) Plaintiff spent the entire year of 2020 seeking records or information for NYPD database

5

searches of the name "Edison Quito."  (See e.g., id.) (Discovery sought related to name searches of "Edison Quito" and not "Edison Pelaez" because plaintiffs had not yet disclosed the name "Edison Pelaez" to City defendants).

After plaintiffs determined record searches found for "Edison Quito" did not match the allegations of the complaint, for the first time on January 13, 2021, over two years after this action was commenced and over one year after the pleadings were amended to add "Edison Quito," plaintiffs produced a search term criteria inclusive of various fuzzy and wildcard search terms for additional auditing by NYPD that for the first time mentioned the name "Edison Pelaez" in connection with the claims of "Edison Quito".  (Rolon Decl., Exhibit E.)  On March 31, 2021, and April 1, 2021, City defendants produced audits results indicating that on July 14, 2017 PO Euris Paulino performed a search for the name "Edison Pelaez" not "Edison Quito". (Rolon Decl., Exhibits F & G.).  Vexcel audit findings also revealed that almost four years earlier Police Officer Paulino conducted a DAS search of the name "Edison Pelaez."  (Id.)

On April 12, 2021, City Defendants produced the July 14, 2017 OATH summons issued to the name "Edison Pelaez." which we had not located previously because plaintiffs maintained the warrant search was conducted of the name "Edison Quito," and plaintiffs had withheld the name "Edison Pelaez" until January 2021.  (Rolon Decl., Exhibit E.)  Shortly thereafter, City Defendants also produced the 26th Precinct Roll Call for July 14, 2017, and July 14, 2017 memo book entries of PO Euris Paulino reflecting PO Euris Paulino's assignment to the "Impact" Unit, which unlike plaintiff's incident, involved patrol officers wearing standard NYPD police uniform and operating a marked vehicle. (Rolon Decl., Exhibit J.)  "Edison Quito" also does not allege a summons as part of his complaint in this action.  The July 14th incident

differed from the allegations of Edison Quito in the first and second amended complaints in a variety of other ways. (See e.g., Rolon Decl., Exhibit H.)

Plaintiffs deposed Officer Paulino on June 30, 2021, after the statute of limitations had expired, wherein he could not recount various details of the incident that took place four years earlier. (See Rolon Decl., Exhibit K.) Plaintiffs did not seek leave to add the July 14, 2017 incident and Officer Paulino until August 6, 2021.

## ARGUMENT

### THE COURT SHOULD DENY PLAINTIFFS' PROPOSED JULY 14TH AMENDMENTS AS FUTILE, UNTIMELY, AND UNDULY PREJUDICIAL.

Plaintiffs should not be given an opportunity to amend their complaint to assert claims barred by the statute of limitations. "District courts 'ha[ve] broad discretion in determining whether to grant leave to amend,' [] and leave to amend should generally be 'freely give[n] when justice so requires.'" Myers v. City of New York, 2015 U.S. Dist. LEXIS 199107, at *6 (S.D.N.Y. Sept. 30, 2015) (internal citations omitted). However, a court may properly deny the application in cases of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (internal citations omitted). The Second Circuit has held that an amendment that "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P.12(b)(6)" is futile. Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted). Similarly, "a court may deny leave to amend a claim that would be time-barred." Cotto v. City of New York, 2018 U.S. Dist. LEXIS 104068, at *8 (S.D.N.Y. June 20, 2018) (citing Grace v. Rosenstock, 228 F.3d 40, 53

7

(2d Cir. 2000)). Here, plaintiffs should not be permitted to amend their complaint to assert time-barred claims against PO Euris Paulino who did not have timely notice of this claim and would be unduly prejudiced in mounting a defense approximately four and one half years after the alleged incident occurred..

**A.      Plaintiff Edison Quito's Proposed Amendments Are Futile as Time-Barred.**

Plaintiff cannot amend the complaint to add time-barred claims, more than two years after the commencement of this action and over one year after "Edison Quito" was added as a plaintiff. Although "[s]ection 1983 does not provide a specific statute oflimitations…courts apply the statute of limitations for personal injury actions under state law." Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (citing Owens v. Okure, 488 U.S. 235, 249-51 (1989)). Accordingly, claims brought pursuant to 42 U.S.C. § 1983 are subject to a three-year statute of limitations in New York. See Hogan v. Fischer, at 517. While the New York statute of limitations applies, federal law governs the accrual date. See e.g., Burroughs v. Dorn, No. 13-CV-3609 (ARR) (LB), 2013 U.S. Dist. LEXIS 177902, at *3 (E.D.N.Y. Dec. 10, 2013). "Under federal law, a civil rights action accrues at the 'point when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" Id. at *4 (quoting Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980)). The statute of limitations for a false arrest and unlawful search claim "begins to run at the time the claimant becomes detained pursuant to legal process." Hagans v. Nassau Cty. Police Dep't, 2020 U.S. Dist. LEXIS 47090, at *12 (E.D.N.Y. Mar. 18, 2020) (quoting Wallace v. Kato, 549 U.S. at 397 (2007). "The same is true for claims of failure to intervene, unlawful search and seizure, and excessive force." Id. (internal citations omitted).

Therefore, the normal deadline to assert plaintiff Edison Quito's Section 1983 claims for the July 14, 2017 incident would have been July 14, 2020, yet plaintiffs did not seek

leave to add the July 14 incident or PO Euris Paulino as a defendant until August 6, 2021, over one year after the statute of limitations would have expired. The clock on the July 14, 2017 claim began to run out as soon as the underlying encounter conclusively terminated with the issuance of a summons. Ultimately, plaintiff missed the opportunity to file a timely action regarding this incident. Accordingly, the Court should deny plaintiffs' motion to add PO Euris Paulino as a defendant and the July 14, 2017 incident date should be denied.

Further, plaintiffs' argument concerning the application of Executive Order 202.8 for tolling Section 1983 claims is unconvincing for two main reasons. First, the cases cited by plaintiffs do not support relation back in the context of replacing a John Doe officer that, as here, could not receive notice of this action due to plaintiffs withholding information. Second, *assuming arguendo,* that Executive Order 202.8 did apply, plaintiffs' application similarly missed the tolled deadline. Plaintiffs did not disclose the name "Edison Pelaez" until just two months before the tolled deadline (even if applicable) would have expired. Defendants promptly sought to identify and produce related records and information pertaining to the July 14, 2017 stop of "Edison Pelaez," and produced same as early as March 31, 2021. Yet, plaintiffs did not seek leave to amend until over four months later on August 6, 2021. In the end, regardless of whether the statute of limitation can be tolled or not, plaintiff's motion to amend is well beyond either date of expiration. As such, plaintiffs should not be permitted to amend the complaint to add the July 14, 2017 incident or add police officer Euris Paulino as a defendant.

**B.      Plaintiffs' Proposed Amendments Do Not Relate Back to the Original Complaint.**

Plaintiffs' Proposed Amended Complaint cannot relate back to the amended Complaint as it fails to meet the requirements of the Federal Rules of Civil Procedure 15(c)(1)(C), 15(c)(1)(A), and N.Y. CPLR §§ 1024 and 203.

1. <u>Relation Back Under Fed. R. Civ. P. 15(c)(1)(C)</u>

Under Rule 15(c)(1)(C), an amended complaint that names new parties can relate back to the original pleading if: (1) the newly added parties received notice within 90 days for service of the summons and complaint pursuant to Rule 4(m); (2) the amendment arose from the same conduct alleged in the original pleading; and (3) newly added Defendants would have been named in the original pleading, but for plaintiff's mistake as to their identity. <u>Scott v. Spring Valley</u>, 11-cv-4167, 2013 U.S. Dist. LEXIS 155119, 2013, at *5-6 (S.D.N.Y. Oct. 28, 2013). All three factors weigh in favor of denying plaintiffs' proposed July 14th amendments.

First, plaintiff is unable to provide timely notice to a newly added party within the proscribed period under Rule 4(m). Any added defendants would have had to receive notice of this action by April 3, 2020. Accordingly, plaintiffs cannot satisfy the first principle of the relation back doctrine.

Second, the proposed July 14th amendment does not arise from the same conduct alleged in the first amended complaint. There are distinct material differences, outright and as corroborated by the record that distinguishes the July 14, 2017 incident from the incident plaintiff Edison Quito originally alleged. For example, the July 14, 2017 incident involved a stop (a) at or around 10:30 p.m. (b) at West 130th Street and St. Nicholas Terrace (c) where uniformed officers (d) in a marked NYPD vehicle (e) after observing plaintiff urinating in public (f) conducted a DAS search of the name listed on the work I.D. provided ("Edison Pelaez") (g) and issued plaintiff a summons for public urination. (<u>See</u> Rolon Decl., Exhibits F, G, I and K.) These facts are distinct from those previously alleged by plaintiff Quito, specifically that (a) around 8:00-9:00 p.m. (b) in front 351 St. Nicholas Avenue (c) two plain-clothes officers (d) in an unmarked car (e) stopped and detained plaintiff without probable cause (f) collected

10

plaintiff's N.Y.S. learner's permit bearing the name "Edison Quito" (g) and returned plaintiff's N.Y.S. learner's permit without incident or penalty. (See Rolon Decl. Exhibits A, B, and H.) Indeed, one telltale sign distinguishing the incident alleged in the operative complaint from the July 14th amendments is plaintiff's allegation that he provided the officer with his learner's permit bearing the name "Edison Quito" and that the record search was run on the name "Edison Quito". (See Rolon Decl., Exhibits B, ¶103-104.) Contrary to plaintiff's allegations in the amended complaint, it is undisputed that the July 14th 2017 search was done on the name "Edison Pelaez". (See Rolon Decl., Exhibits F and G.) Plaintiff's one allegation defeats their argument that the July 14, 2017 incident is the same occurrence alleged in the amended complaint.[1] Plaintiffs proffer no explanation for the stark factual differences between the allegations in the operative pleading and the proposed July 14th amendments.

Third, failure to name an individual defendant is not a mistake. Barrow v. Wethersfield Police Dept., 66 F.3d 466, 470 (2d Cir. 1995). Naming a "John Doe" in an Amended Complaint does not constitute a "mistake of identity." Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013). As the Second Circuit has consistently held, naming "John Doe" as a defendant in a pleading cannot be used as a tactic to circumvent the statute of limitations because when the pleading is amended to replace "John Doe" with a named party, it constitutes a change

---

[1] To the extent that plaintiffs rely on a screenshot of PO Paulino captured during his deposition in this case, any subsequent identification based on these screenshots shall be excluded. A "screenshot" is an alternate mode of video recording legal proceedings, and as such, required prior consent of all parties. (See Rolon Decl., Exhibit L, at ¶ 12). Plaintiffs did not seek nor obtain City Defendants' consent before taking unauthorized screenshots of PO Euris Paulino during his non-party deposition on June 30, 2021. Plaintiffs also withheld this fact from City Defendants until plaintiffs asserted this information in support of their motion. Plaintiffs did not produce alleged copies of two screenshots until August 17, 2021, more than two weeks after taking same, despite previously sharing the screenshots with plaintiff Edison Quito. Plaintiffs' counsel should not be permitted to violate court-ordered stipulations. As such, City Defendants request the court strike these photos or any reliance upon them from consideration of this motion, and similarly preclude plaintiffs' reliance on these screenshots from consideration of this motion, as well as take whatever further action it deems necessary and appropriate.

in the party sued.  Hogan v. Fischer, 738 F.3d at 517 (citing Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993).

### 2. Relation Back Under Fed. R. Civ. P. 15(c)(1)(A)

Pursuant to Rule 15(c)(1)(A), "an amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A).  In New York, an amendment to a pleading can relate back to the date of the original pleading if such amendment comports with N.Y. C.P.L.R. § 203 or § 1024.  See Strada v. City of New York, 2014 U.S. Dist. LEXIS 94687, at *20 (E.D.N.Y. 2014).  Here, plaintiffs proposed amendment fails to relate back to the original Complaint under both N.Y. C.P.L.R. § 203 and § 1024.

#### i. *C.P.L.R. § 1024*

For an amendment to relate back to the date of the original pleading pursuant to § 1024, plaintiff Edison Quito must show that: (1) he exercised due diligence, prior to the running of the statute of limitations, to identify the individual; and (2) he must describe the "John Doe" in as much detail as possible to provide notice to the intended individual.  Hogan, 738 F.3d at 519 (internal quotation marks and citations omitted).  Here, plaintiff Edison Quito did not exercise due diligence when he withheld the name "Edison Pelaez," until January 2021 — three and one half years after the July 14, 2017 encounter, two years after this lawsuit was filed, and more than one year after "Edison Quito" was added as a plaintiff.  Similarly, plaintiff "Edison Quito" never mentioned or produced the July 14, 2017 summons.  This action was commenced on March 25, 2019.  The court approved the first amended complaint adding "Edison Quito" on January 3, 2020.  Yet, it was not until January 13, 2021 at the earliest — almost two years after the case was brought and over one year after "Edison Quito" was specifically added as a named plaintiff — that plaintiffs disclosed Edison Quito's alternative name of "Edison Pelaez."  Plaintiffs'

12

inexcusable failure to disclose the name "Edison Pelaez" for over one year after "Edison Quito" was added as a plaintiff cannot be categorized as a mistake. Also, plaintiffs do not claim they made a mistake as to the identity of the officer involved. Rather, plaintiff simply did not (and has not) identified the officer related to the allegation of "Edison Quito" as set out in the both the first and second amended complaints. Plaintiff also made no personal attempt to identify the actual date of incident (Rolon Decl., Exhibits A and Exhibit K, 10:5-10.). Thus, plaintiff cannot claim due diligence when the delay in identifying any officer was the fault of plaintiff, not defendants. (See Rolon Decl., Exhibit E.)

Plaintiff also failed to provide adequate notice to the intended individual (PO Euris Paulino). Not only are the incidents starkly different and thus inadequate for proper notice to relate back, but the prior alleged complaint provided no details about the identity of Officer Paulino based upon personal characteristics (other than that one officer was a male "Hispanic"). (Rolon Decl., Exhibits A, ¶ 96). Plaintiff's deposition also sets forth facts that further distinguish the July 14, 2017 incident from the incident plaintiff alleged. (See Rolon Decl., Exhibit H.) There were no allegations as to the officer's age, height, weight, hair or eye color, or any other visible features of the alleged officer that would have provided adequate notice to Officer Paulino or the City Defendants that plaintiff Quito was alleging Officer Paulino's involvement. Plaintiffs' cannot demonstrate they exercised due diligence or provided adequate notice, and as such, the July 14th amendments do not relate back under C.P.L.R. § 1024.

    ii. *C.P.L.R. § 203*

Relation back under C.P.L.R. § 203 requires that: (1) the claims arise from the same conduct or occurrence; (2) the parties are "united in interest" and this relationship provides the newly added defendant with such notice of the suit to avoid prejudice; and (3) the newly added

13

party knew or should have known that its absence from the original pleading was due to plaintiff's excusable mistake. Buran v. Coupal, 87 N.Y.2d 173, 178 (1995).

With respect to the first question, this proposed claim does not arise from the same conduct or occurrence as originally asserted. In sum and substance, the facts described by plaintiffs and PO Paulino, respectively, describe two entirely different incidents, including but certainly not limited to the allegation that the identification and name search were on "Edison Quito," whereas the July 14th incident involved the name search of "Edison Pelaez". Second, PO Euris Paulino would be unduly prejudiced by having to mount a defense to litigation over four years after the actual incident took place, where memories fade and evidence may be lost or destroyed. For example, here, plaintiff Edison Quito admittedly no longer has possession of either his work I.D. or N.Y.S. Learner's Permit, which are said to be the work I.D. collected for the July 14, 2017 summons, and the N.Y.S. Learner's Permit said to be involved in the incident originally asserted. Similarly, Officer Paulino cannot recount details of the July 14, 2017 incident now four years later. (See e.g., Rolon Decl., Exhibit K.)

Third, as set forth supra, plaintiffs have not established that there was an excusable mistake as to the identity of the individual officer which prevented plaintiffs from naming him in the Complaint. Here, plaintiffs withheld the name "Edison Pelaez," and did not disclose it until January 13, 2021. Throughout 2020, plaintiffs only disclosed the name "Edison Quito," causing City Defendants to expend significant efforts to find records and information related to stops of "Edison Quito." Plaintiffs' so-called justifications for the delay in identifying Officer Paulino still could not, and do not, provide adequate notice to the City or Officer Paulino, particularly when the incident alleged is so factually distinct from the July 14, 2017 plaintiffs now seek to add. As such, the court should deny plaintiffs' applications to substitute the John Doe defendant

as those claims have become time-barred and do not relate back pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.  See e.g., Hogan, 738 F.3d at 517.  Therefore, plaintiffs' Proposed Amended Complaint does not relate back to the amended complaint as it fails to meet the requirements of the Federal Rules of Civil Procedure 15(c)(1)(C), 15(c)(1)(A), and N.Y. CPLR §§ 1024 and 203.[2]

## CONCLUSION

Plaintiffs' July 14th Amendments do not relate back to the amended complaint, and as such, plaintiffs' motion to add PO Paulino as a defendant and the July 14, 2017 incident date should be denied, together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          August 20, 2021

                              GEORGIA M. PESTANA
                              Corporation Counsel of the City of New York
                              *Attorney for City Defendants*
                              By:    /s/ Amanda Rolon
                              *Assistant Corporation Counsel*
                              Special Federal Litigation Division
                              100 Church Street, Room 3-201
                              New York, New York 10007
                              Office: (212) 356-2356
                              Mobile:(646) 951-3806

**VIA ECF**
*Counsel for Plaintiffs*

---

[2] Similarly, Plaintiffs cannot in good faith assert ignorance of his own last name "Pelaez" in support of equitable tolling.  United States ex rel. Wood v. Allergan, Inc., 2020 U.S. Dist. LEXIS 101655, *16 (S.D.N.Y. June 10, 2020) (denying equitable tolling where delay factors were attributed to plaintiff's poor litigation strategy and was in no way attributable to the Court or defendants).  Paige v. Police Dep't, 121 F. Supp. 2d 723, 728-29 (N.D.N.Y. Nov. 30, 2000), aff'd 264 F.3d 197 (2d Cir. 2001) (denying equitable tolling where plaintiff repeatedly failed to diligently inquire or seek discovery in support of her claims before the statute of limitations had passed).

15