UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

TERRON BELLE, WILLIAM RIOS, RICHMOND APPIAH, EDISON QUITO, LUIS RIOS, on behalf of themselves and other similarly situated,

               Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE OFFICERS BRIAN DESTEFANO, DANIEL MARDJONOVIC, STEVEN BARRY, and "JOHN DOE" 1-50, in their individual and official capacities,

               Defendants.

------------------------------------------------------------- X

Civil Action No.   19 cv 2673 (VEC)

### REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF NO. 142)

CYRUS JOUBIN
43 West 43rd Street, Suite 119
New York, NY 10036


GEORGE FARAH
MATTHEW HANDLEY
REBECCA P. CHANG
HANDLEY FARAH & ANDERSON PLLC
777 6th Street NW, 11th Fl.
Washington, DC 20001

DAVID J. KAHNE
TALONA H. HOLBERT
MICHAEL G. MALLON
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038


COREY STOUGHTON
MOLLY GRIFFARD
THE LEGAL AID SOCIETY
199 Water Street, 6th Floor
New York, New York 10038

*Attorneys for Plaintiffs*

August 27, 2021

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    I.    Mr. Quito's Proposed Amendments Satisfy the Applicable Standard for Leave to Amend. ...................................................................................... 2

        A.    Mr. Quito has Stated a Plausible Claim that is not Futile. .............. 2

        B.    Defendants cite incorrect legal standards and contested facts in arguing the proposed amendments are futile...................... 3

    II.    Mr. Quito's Proposed Amendments Are Timely Because They Relate Back to His Original Complaint. .................................................................. 5

        A.    Plaintiffs Exercised Due Diligence Sufficient to Satisfy Requirements under CPLR § 1024. ................................................. 5

        B.    PO Paulino Was Fairly Apprised of the Allegations Against Him. ........................................................................................ 7

            1.    PO Paulino was on Constructive Notice of the Allegations. ........................................................................... 7

            2.    Mr. Quito's Complaint Provided Sufficient Description of the Alleged Conduct. .................................. 8

        C.    Plaintiffs' proposed amended complaint does not need to satisfy the requirements of CPLR § 203 because it satisfies CPLR § 1024................................................................................... 9

        D.    Mr. Quito's Proposed Amendments Do Not Unduly Prejudice Defendants ..................................................................... 10

CONCLUSION........................................................................................................................ 10

i

## TABLE OF AUTHORITIES

                                                                                   Page(s)

**Cases**

*Abdell v. City of New York*,
   759 F. Supp. 2d 450 (S.D.N.Y. 2010)...............................................................................8

*Byrd v. Abate*,
   964 F. Supp. 140 – 47 (S.D.N.Y. 1997)..........................................................................8, 9

*Curkin v. City of New York*,
   18 Civ. 7541 (ER), 2020 WL 5628042 (S.D.N.Y. Sept. 21, 2020) ...............................10

*Dougherty v. Town of North Hempstead Board of Zoning Appeal*,
   282 F.3d 83 (2d Cir. 2002)..............................................................................................2, 3

*Hogan v. Fischer*,
   738 F.3d 509 (2d Cir. 2013)................................................................................................5

*Huber v. Amtrak*,
   10-CV-9348 (ALC), 2012 U.S. Dist. LEXIS 173330 (S.D.N.Y. Dec. 4,
   2012) ................................................................................................................................10

*Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*,
   734 F. Supp. 1071 (S.D.N.Y. 1990)..................................................................................1

*Lucente v. IBM Corp.*,
   310 F.3d 243 (2d Cir. 2002)...............................................................................................2

*Mabry v. N.Y. City Dep't of Corr.*,
   No. 05-CV-8133 (JSR) (JCF), 2008 U.S. Dist. LEXIS 17283
   (S.D.N.Y. March 7, 2008)..................................................................................................8

*Ricciuti v. N.Y.C. Transit Auth.*,
   941 F.2d 119 (2d Cir. 1991)...............................................................................................2

*Rogers v. Miller*,
   16-CV-3610 (AMD) (VMS), 2017 WL 6542459 (E.D.N.Y. Dec. 21,
   2017) .............................................................................................................................7, 8

*Soto v. Brooklyn Corr. Facility*,
   80 F.3d 34 (2d Cir. 1996)...................................................................................................9

**Other Authorities**

C.P.L.R. § 1024.................................................................................................................2, 5, 10

C.P.L.R. § 203 ................................................................................................................2, 10

FRCP 15(c)(1)(A) .................................................................................................................5

FRCP 15(c)(1)(C) .................................................................................................................5

**INTRODUCTION**

Defendants' opposition brief does not – and cannot – deny that Plaintiff Edison Quito-Pelaez was stopped by NYPD officers on July 14, 2017, and that one officer (PO Euris Paulino) ran a records search on Plaintiff Quito during this stop. Nor can Defendants cite any law suggesting the liberal standards of Rule 15(a)(2) should not apply here, which "require[] leave to amend when the moving party has 'at least colorable grounds' for the proposed amendment." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 734 F. Supp. 1071, 1078 (S.D.N.Y. 1990).[1] Instead, Defendants' opposition brief revolves around three fundamentally flawed arguments. *First*, Defendants suggest Plaintiffs' lack of diligence caused the proposed amendments to be time-barred: Defendant's primary argument in this respect is a claim that Plaintiffs "did not disclose" "the name Edison Pelaez" until January 2021. Opp., ECF No. 147, at 14. But this is not so. Plaintiffs merely suggested different variations of Mr. Quito's *full name* in court ordered search term negotiations. *See* Joubin Decl., ECF No. 143, at ¶¶ 8-10, 13. Moreover Defendants' *own records* have long indicated that Plaintiff Quito's *full name* is Edison Quito-Pelaez. *See infra,* Sec. II.A. *Second*, Defendants argue that the incident alleged in the complaint is "materially distinct" from the July 14, 2017 encounter between Quito and PO Paulino. Opp. at 3. Yet in doing so, Defendants mischaracterize and ignore the factual record, including disputes over key discovery that Defendants *have not produced*. Finally, Defendants argue that the proposed amendments do not "relate back" to the prior pleadings, as they fail to provide adequate notice to PO Paulino on the allegations. Defendants' argument fails, as it misreads the applicable law regarding

---

[1] Defendants have not challenged that Mr. Quito has good cause to amend under Rule 16, nor challenged the amendments as they relate to Mr. Luis Rios.

1

"relation back" and notice under C.P.L.R. § 1024 and § 203. As the case law clearly holds, Plaintiffs need *only* meet the "constructive notice" requirements of C.P.L.R. § 1024 to prevail on their amendment, which they readily do. The motion should be granted.

## ARGUMENT

**I.     Mr. Quito's Proposed Amendments Satisfy the Applicable Standard for Leave to Amend.**

**A.     Mr. Quito has Stated a Plausible Claim that is not Futile.**

In the proposed amendments, Mr. Quito pleads a claim against PO Paulino that would easily survive a 12(b)(6) motion, which is the proper inquiry when determining whether a proposed amendment is futile. *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted). Under this standard, all facts alleged by plaintiffs are to be accepted as true. *Dougherty v. Town of North Hempstead Board of Zoning Appeal,* 282 F.3d 83, 91-92 (2d Cir. 2002). The Second Circuit instructs that leave to amend should not be denied "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" and that "[t]his principle should be applied with particular strictness when the plaintiff seeks to file an amended complaint charging a violation of his civil rights." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *See also* Pl. Mot at 13, n. 4. Mr. Quito has alleged sufficient facts that PO Paulino violated his Fourth Amendment right to be free from unreasonable search and seizure to state a plausible claim under § 1983. *See* Pl. Mot at 14; Proposed Am. Compl., ECF No. 143-1, at ¶¶ 91 - 105.

### B. Defendants cite incorrect legal standards and contested facts in arguing the proposed amendments are futile.

Critically, Defendants do not contest whether Mr. Quito has stated a plausible claim, and instead, inappropriately contest the *facts* that Mr. Quito pleads.[2] ECF No. 147 at 3 – 4. Specifically, Defendants argue on the basis of a cherry-picked, self-serving view of the record that the incidents are distinct. *See* Opp. at 3. These arguments are misguided: Defendants ask the Court to weigh select facts from an incomplete discovery record,[3] despite clear, binding law instructing the Court to accept Plaintiffs' claims as true when deciding whether to grant leave to amend. *See e.g. Dougherty,* 282 F.3d at 91-92. Defendants make no argument, and cite no law, suggesting a different standard applies.[4]

Defendants' description of the relevant factual record is moreover incorrect. Defendants claim a deposition of PO Damani Morgan was conducted in connection with this incident, Opp. at 5, yet that deposition had nothing to do with Mr. Quito's claims. *See* Joubin Decl. at ¶¶ 27-28. And Defendants ignore Plaintiff Quito's actual identification of PO Paulino. Instead, Defendants advance conclusory statements that such evidence would not be admissible at trial.[5] But such disputes are not relevant here, as this motion is to be evaluated by the standards of Rule 12(b)(6). *See* Pl. Mot. at 13, n. 4; *id*. at 14.

---

[2] Defendants otherwise make no argument that Plaintiffs have raised the amendment with undue delay or dilatory motives. Defendants' suggestion the amendment would cause undue prejudice is addressed *infra* at Sec. II.D.

[3] For further detail, *see* Pl. Mot. at n. 3, which describes outstanding discovery that pertains to key questions, such as whether PO Paulino was uniformed, what unit he was assigned to in overtime, the circumstances surrounding the purported summons, etc.

[4] *See* Pl. Mot. at n. 4 (describing why the 12(B)(6) standard applies).

[5] Defendants' reading of the relevant document is also wrong. Paragraph 12 of the parties' remote deposition protocol applies only to testimony "video-recorded for use at trial." *See* Rolon Decl., Ex. L, ECF No. 146-12. But this deposition was not video-recorded for trial, and nothing in this stipulation – and nothing in the Federal Rules – prohibited Plaintiffs from capturing PO Paulino's appearance at his deposition. Indeed, Plaintiff Quito himself had every right to watch PO Paulino's deposition.

Further, each element of Defendants' description of the purported discrepancies between the proposed amendments and Mr. Quito's prior pleadings is either perfectly consistent with Mr. Quito's allegations, or currently contested. *See* Opp. At 10. The time and location alleged are consistent. Plaintiff Quito pled his incident took place in the "evening" in front of 351 St. Nicholas Avenue (W. 130th and St. Nicholas Terrace is a mere block away.) *See* Joubin Decl. at ¶¶ 14-15. Defendants' argument that the incidents must differ because the name "Edison Pelaez" was searched is illogical. The possibility that Mr. Quito's full name was provided to officers (Edison Quito-Pelaez), via his ID or otherwise, while only *part* of his name was searched in NYPD databases is completely consistent. That the ID provided may have been different is immaterial: Plaintiff Edison Quito-Pelaez was stopped and searched.

The remaining issues are the subject of hotly contested – and incomplete – discovery. It is not clear whether uniformed officers or a marked vehicle were involved in the July 14, 2017 stop, nor is it clear that PO Paulino himself was uniformed that day.[6] Defendants further cite a public urination summons written for Edison Quito at the time of his DAS records search as evidence that the incidents are not the same. Yet there is no evidence this summons was appropriately issued – or even issued at all. On the contrary, the evidentiary record raises significant questions on the propriety of the document.[7]

---

[6] PO Paulino testified that from 2010-2016/2017, he worked in Conditions, Street Narcotics Unit ("SNU"), and Anti-Crime (ECF No. 143-3, Paulino Dep. Tr. 16:30-17:5). PO Paulino clarified that SNU was a plain-clothes unit within Conditions (Tr. 19:16; 20:21-24). He could not recall if he was working on patrol or conditions on July 14, 2017, or if he worked with plain-clothes anti-crime officers in July 2017 (89:23-25).
[7] There is no evidence that Mr. Quito was issued/made aware of any summons; Mr. Quito did not pay or sign the summons. *See* Pl. Mot. at n.3; Joubin Decl., ECF No. 143, at ¶14.

4

Plaintiffs have diligently sought discovery which may resolve these disputes for months, but Defendants have not produced this discovery. *See e.g.* Pl. Mot. at 21-22, *id.* at n.3.

In sum, Defendants have not applied the appropriate legal standards. At this stage, Plaintiffs' allegations are to be taken as true. And even if Plaintiffs were held to a higher standard, Defendants have not accurately stated the record. No undisputed facts definitively demonstrate that the July 14, 2017 stop and the incident in the Amended Complaint are distinct incidents. Plaintiffs' proposed amendment ought to be granted.

### II. Mr. Quito's Proposed Amendments Are Timely Because They Relate Back to His Original Complaint.

The law is crystal clear that Plaintiffs need satisfy only *one* theory of relation-back to prevail over Defendants' assertion that Mr. Quito's amendments are time-barred. Pl. Mot. at 20. Mr. Quito's amendments easily satisfy the requirements for relation back under FRCP 15(c)(1)(A), which incorporates a more liberal standard under NY CPLR § 1024, and specifically provides for the later naming of parties unknown at the time of filing. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). And even if Plaintiffs were required to meet the more stringent federal standard of FRCP 15(c)(1)(C), Plaintiffs are entitled to an equitable tolling exception. *See* Pl. Mot at 20-22.[8]

#### A. Plaintiffs Exercised Due Diligence Sufficient to Satisfy Requirements under CPLR § 1024.

Plaintiffs have established that they have diligently sought discovery into the identity of PO Paulino since the filing of the First Amended Complaint ("Compl.") on

---

[8] Defendants claim Executive Order 202.8 does not apply. Opp. at 9. Defendants present no authority for this claim. Because the Order applies, the proper statute of limitations for Mr. Quito's claim was March 12, 2021. *See* Pl. Mot at n. 5. As the proposed amendments relate back to the First Amended Complaint (filed Jan. 3, 2020) the claims are timely. *See* ECF No. 35. Alternatively, E.O. 202.8 reduces the time Plaintiffs seek the Court equitably toll under Rule 15(c)(1)(C), should the Court apply that standard.

January 3, 2020.  Pl. Mot. at 3-8; Joubin Decl. at ¶¶ 9-23.  In response, Defendants attempt to shift the blame for discovery delays.  These arguments are not grounded in fact.

*Purported "Failure to Disclose" the Name "Pelaez."* Defendants' argument largely hinges on a characterization that Plaintiffs "failed to disclose" that Mr. Quito has, at times, used multiple surnames.  Their argument fails.  First, Defendants have long possessed Mr. Quito's full name, including the name Pelaez, in their records. *See* Griffard Decl. at ¶ 3 (Edison Quito DAS Snapshot (filed under seal), showing name "Edison Quito-Pelaez").[9]  Second, only Defendants possess records of the unique permutations of each Plaintiff's name as it was searched.  Third, Defendants themselves insisted on conducting – with no input from Plaintiffs – the limited first round of audits which did not surface the stop of Mr. Quito by PO Paulino.  It was not until Plaintiffs moved to compel broader audits, and the Court ordered such on December 15, 2020, that Plaintiffs had an opportunity to propose broader search terms.[10]  Plaintiffs cannot be penalized for a hard-fought negotiation of search terms necessitated by Defendants' discovery deficiencies.[11]

*Purported Failure to Disclose the Summons.*  Defendants next argue Plaintiffs failed to disclose the alleged summons.  Yet, as discussed *supra*, Mr. Quito never received this summons.  Plaintiffs could not have disclosed something they did not have.

---

[9] The bottom on this document reflects an arrest record that has been subsequently dismissed and sealed. *See* Griffard Decl. at ¶ 3.  And though this document was produced by IBM, these are documents from the NYPD's DAS database.

[10] Defendants also ignore that, despite Plaintiffs' efforts, it took Defendants an additional four weeks following the court order to clarify what search terms *could be* run, and an additional *three months* to provide the results of the searches. *See* Pl. Mot at 5.

[11] Notably, Defendants themselves did not choose to depose Mr. Quito until May 7, 2021, a year and four months after Plaintiffs filed their First Amended Complaint.

<u>*"Personal Investigation."*</u> Defendants also incorrectly claim Plaintiff "made no personal attempt" to identify the date of the incident. This is also not true. Mr. Quito and counsel have sought information from outside sources and witnesses, including his cousin, wife, and aunt. The information provided by them *corroborates* that the July 14, 2017 incident is the same as that which was alleged in the Complaint. *See* Pl. Mot. at 7.[12]

**B.     PO Paulino Was Fairly Apprised of the Allegations Against Him.**

Defendants argue that PO Paulino could not have been apprised of the allegations against him because they claim the incidents are "starkly different." Opp. at 13. As discussed *supra* section I.B, Defendants improperly rely on disputed facts to make this argument. Put in different terms, Defendants in essence argue that because PO Paulino himself has claimed this is a different incident, he could not be fairly apprised of the incident. This is not the applicable legal standard. Defendants fail to meet their burden of showing they lacked notice within the required time frame; indeed, they have not even tried to explain why they could not have known of PO Paulino's identity within 120 days of the filing of the complaint when they had access to records leading to his identification. *See* Opp. at 12 – 15. *See Rogers v. Miller*, 16-CV-3610 (AMD) (VMS), 2017 WL 6542459, at *6 (E.D.N.Y. Dec. 21, 2017) ("… the burden to show lack of notice falls on Defendants, not Plaintiff.") (internal citations omitted).

*1.*     **PO Paulino was on Constructive Notice of the Allegations.**

PO Paulino was on constructive notice of the action against him through his presumptive attorneys, Corporation Counsel, who were served notice of the allegations

---

[12] Further, Plaintiffs diligently sought to pinpoint the date of the stop through an extensive review of Mr. Quito and his wife's available phone and iCloud records, though no responsive records were found. Griffard Decl. at ¶ 4.

7

on the day it was filed. ECF No. 35; *See e.g. Rogers v. Miller*, 16-CV-3610 (AMD) (VMS), 2017 WL 6542459, at *5 (E.D.N.Y. Dec. 21, 2017) ("As to the notice requirement, the Court may impute knowledge of a suit to a late-added defendant through his attorney."); *Abdell v. City of New York,* 759 F. Supp. 2d 450, 455 (S.D.N.Y. 2010) (same); *Mabry v. N.Y. City Dep't of Corr.,* No. 05-CV-8133 (JSR) (JCF), 2008 U.S. Dist. LEXIS 17283, at *16 (S.D.N.Y. March 7, 2008); *Byrd v. Abate*, 964 F. Supp. 140, 146 – 47 (S.D.N.Y. 1997) (finding constructive notice where information was "uniquely accessible to Corporation Counsel", and "[w]hether or not counsel knew [the officer's] name within 120 days after the complaint was filed, counsel was aware that it would have to obtain that information.").

Here, Corporation Counsel knew of Mr. Quito's allegations in January 2020. They had unique access to the records that revealed the identity of PO Paulino as having conducted a warrant/records search on Mr. Quito during the timeframe alleged in the complaint. Corporation Counsel was on notice that Plaintiffs sought the identity of the officers described in the complaint as of February 11, 2020 when Plaintiffs served their discovery demands. Griffard Decl. at ¶ 5. As such, their ability to know and obligation to find out PO Paulino's identity constitutes notice that is to be imputed to PO Paulino. *See e.g. Byrd*, 964 F. Supp. at 146 -47; *Rogers*, 2017 WL 6542459, at *6; *Abdell,* 759 F. Supp. 2d at 455.

### 2. Mr. Quito's Complaint Provided Sufficient Description of the Alleged Conduct.

Constructive notice through a newly named defendant's government attorney alone is sufficient to establish fair apprisal for purposes of relation back under Rule 15. Here, PO Paulino was also on *actual* notice because the original complaint described him

8

and his conduct in sufficient detail that he ought to have recognized himself. *See* ECF No. 35, Compl. at ¶¶ 93 – 107. Defendants mischaracterize Mr. Quito's original complaint when they claim the only details provided are that the John Doe officer was male and Hispanic. Opp. at 13. PO Paulino—a Hispanic officer who sometimes worked in plainclothes in the 26th Precinct where he patrols the area of the alleged stop—would have recognized that his conduct and conversation with Mr. Quito was described in detail the Complaint. Compl. at ¶¶ 12, 93 - 107.[13]

Defendants cite no case law to support their argument that Mr. Quito's description of PO Paulino and his conduct while stopping and searching him provides insufficient notice, likely because no such case exists. Indeed, the Second Circuit has found sufficient notice where plaintiff provided no description whatsoever of an individual officer, but where officers should have known the illegal *conduct* described in the complaint was their own. *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 36 (2d Cir. 1996); *see also Byrd*, 964 F. Supp. at 146 n. 4. Under this clear law, PO Paulino was on notice of the conduct.

      **C.    Plaintiffs' proposed amended complaint does not need to satisfy the requirements of CPLR § 203 because it satisfies CPLR § 1024.**

As Plaintiffs have demonstrated, courts treat CLPR § 203 and § 1024 as independent analyses with separate tests: only *one of* these standards needs to be met for a proposed amendment to adequately relate back. *See* Pl. Mot. at 20., *see e.g.*, *Curkin v. City of New York*, 18 Civ. 7541 (ER), 2020 WL 5628042, at *8 (S.D.N.Y. Sept. 21, 2020)

---

[13] PO Paulino ought to have recognized the detailed, alleged conduct: that he walked up to a Latino male in front of 351 St. Nicholas Avenue, asked him what he was doing, demanded an ID, was handed an ID, answered a question by saying that the officers were just following procedure, one of the officers remaining while the other went to the unmarked car with the ID, the officer in the car running a records search on Mr. Quito, no warrants existing, returning the ID, then driving away. Compl. at ¶¶ 12, 93 – 107.

9

(relation back is permitted under 1024 and "also permitted" under 203). And even if Plaintiffs were required to meet the standards of CPLR § 203, Plaintiffs would be entitled to equitable tolling exceptions. *See* Pl. Mot. at 20-22. Defendants have not addressed this exception, constituting waiver of such arguments.

### D. Mr. Quito's Proposed Amendments Do Not Unduly Prejudice Defendants

Finally, Defendants have made no showing of undue prejudice. Defendants argue "memories fade and evidence may be lost or destroyed." Opp. at 14. Yet this is not the standard for showing undue prejudice. Courts have been clear that the mere identification of a "John Doe" defendant does not prejudice a defendant or justify denying leave to amend. *Huber v. Amtrak*, 10-CV-9348 (ALC), 2012 U.S. Dist. LEXIS 173330, at *22-23 (S.D.N.Y. Dec. 4, 2012), *see* Pl. Mot. at 11-12. Defendants cite no cases to the contrary.

### CONCLUSION

For the foregoing reasons, as well as those stated in Plaintiffs' moving brief, Plaintiffs respectfully request that the Court grant their motion.

DATED:   New York, New York
         August 27, 2021

                                                  By: /s/ Cyrus Joubin

CYRUS JOUBIN
43 West 43rd Street, Suite 119
New York, NY 10036
(703) 851-2467
joubinlaw@gmail.com


GEORGE FARAH
REBECCA P. CHANG
33 Irving Place
New York, NY 10003

MATTHEW HANDLEY
HANDLEY FARAH &
ANDERSON PLLC
777 6th Street NW, 11th Fl.
Washington, DC 20001

DAVID J. KAHNE
TALONA H. HOLBERT
MICHAEL MALLON
STROOCK & STROOCK &
LAVAN LLP
180 Maiden Lane
New York, NY 10038

MOLLY GRIFFARD
COREY STOUGHTON
THE LEGAL AID SOCIETY
199 Water Street, 6th Floor
New York, New York 10038

*Attorneys for Plaintiff*