

Handley Farah & Anderson PLLC

September 1, 2021

**VIA ECF**
Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 240
New York, NY 10007

Re:   **Belle, et al., v. City of New York, et al., 19 CV 2673 (VEC)**

Dear Judge Caproni:

The parties respectfully submit this joint update in accordance with the Court's June 21, 2019 Order (ECF No. 18).

Over the past month, the parties have taken the following actions to further the litigation:

- The parties have completed fact discovery pertaining to Plaintiffs' individual non-*Monell* claims, with the exception of discovery related to the Quito-Paulino incident that is the subject of Plaintiffs' motion to amend. On August 25, the Court ordered that any discovery related to the incident need not be produced at this point; the "Court will address the discovery dispute when it resolves Plaintiffs' motion to amend." ECF No. 149.
- Plaintiffs' motion to amend their complaint was fully briefed this month. *See* ECF Nos. 142-144, 146, 147, 151-153. A courtesy copy of all motion papers was hand-delivered to the Courthouse on August 30.
- After meeting and conferring extensively on several 30(b)(6)-related disputes, Plaintiffs conducted partial 30(b)(6) depositions of Sergeant Joseph Klubnick and Joseph Esposito. These were conducted, respectively, on August 11 and August 24,

upon a representation that conducting the depositions any earlier would be impossible for Defendants. The parties have met and conferred on three follow up discovery issues in light of these depositions.

- *Patrol Guides.* First, the authenticity of certain Plaintiffs' Exhibits – which included certain Patrol Guide sections that had not been produced by Defendants – was challenged during the August 11 deposition. Deposition testimony also suggested some sections were not up to date. In light of this testimony and objection, Plaintiffs asked for Defendants to provide the NYPD's versions of the specific guide sections. Defendants have agreed to produce the requested sections, though noted they could not provide them by the August 31 discovery deadline. Plaintiffs agreed not to compel the documents by August 31, so long as Defendants agreed to produce the documents prior to the commencement of summary judgment briefing. Additionally, Plaintiffs produced a public version of the Department Manual Timeline for the relevant timeline, which logs all changes to Patrol Guide sections, to Defendants. Plaintiffs have requested that, if Defendants intend to challenge the authenticity of this document, they produce what they consider the authentic version.
- *OCA Database and C.R.I.M.S Application.* Second, the parties have met and conferred regarding investigation into the existence (or lack thereof) of a corporate level NYPD account for the external OCA database. On the CRIMS issue, Defendants agreed to continue investigating whether a corporate (e.g. single shared) account was used to access the CRIMS application (which accesses, in turn, the OCA databases on warrants), or instead, if many individual accounts were used by the NYPD. Plaintiffs requested investigation into this in light of 2017 patrol guide sections directing officers to use this database to verify warrants following a warrant check, and in light of 30(b)(6) testimony, where designee Lt. Joseph Klubnick testified he did not know such "corporate level" accounts existed.
- *Conflicting 30(b)(6) ECMS Data System Testimony.* Third, the parties have met and conferred regarding the successor of the ADW warrant check system. The parties had agreed the ADW system was relevant, and a method used by officers to run a records check during street encounters (including warrant searches) during the relevant time period. During the August 24, 2021 deposition, however, the designee (Mr. Joseph Esposito) described a legacy data system that was created and used by the NYPD following ADW being decommissioned in June 2017. Mr. Esposito testified he did not know what the successor system was called, but that he believed it was used in the same

   manner as ADW. Plaintiffs immediately asked counsel for clarification on what this successor system was. On Friday, August 27, Defendants clarified that the ADW system's data was transferred to the Enterprise Case Management System ("ECMS"), and on September 1, Defendants clarified the migration may have been partial. Defendants are also reviewing the transcript and will notify Plaintiffs of errors within 30 days of the Klubnick partial 30(b)(6) deposition. Plaintiffs have specifically noted they believe that, in light of discovering ADW data was migrated to ECMS, Lt. Klubnick's representation that ECMS included no warrant data is incorrect. Defendants noted they intended to submit errata where appropriate.

- On August 27, 2021, City defendants served a Request for Admission. Plaintiffs indicated they would respond to Defendants' Request for Admission, and will be serving Requests for Admission as well in hopes of narrowing existing factual disputes.

- City Defendants intend to file an application to exclude former plaintiff Jameel Lang from testifying at trial because he refused to sit for deposition. Jameel Lang was previously a named plaintiff in this action. During that time, defendants noticed Mr. Lang's deposition as a party to this action. Plaintiffs advised defendants that Mr. Lang would not be appearing for his deposition. Thereafter, on July 29, 2021, Mr. Lang withdrew as a plaintiff in this action. (ECF Nos. 138-39.) Subsequently, on August 20, 2021, Defendants served Mr. Lang (as a nonparty as he had now withdrawn as a plaintiff) with a subpoena for deposition scheduled for August 24, 2021. Mr. Lang did not appear for that deposition either.

Thank you for your consideration of this matter.

Respectfully submitted,

| | |
|---|---|
| CYRUS JOUBIN<br>43 West 43rd Street, Suite 119<br>New York, NY 10036<br><br>GEORGE FARAH<br>MATTHEW HANDLEY<br>REBECCA P. CHANG<br>HANDLEY FARAH & ANDERSON PLLC<br>777 6th Street NW, 11th Fl.<br>Washington, DC 20001<br><br>JAMES L. BERNARD<br>KEVIN CURNIN | GEORGIA M. PESTANA<br>Acting Corporation Counsel of the<br>City of New York<br>100 Church Street<br>New York, NY 10007<br>*Attorney for City Defendants* |

DAVID J. KAHNE
TALONA H. HOLBERT
MICHAEL MALLON
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038


MOLLY GRIFFARD
COREY STOUGHTON
THE LEGAL AID SOCIETY
199 Water Street, 6th Floor
New York, New York 10038

*Attorneys for Plaintiffs*


By: _____                              By:  */s/ Amanda M. Rolon*
    Cyrus Joubin                                                  Amanda Rolon, Esq.
    *Attorney for Plaintiffs*                                 *Attorney for City Defendants*