# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TERRON BELLE, WILLIAM RIOS, RICHMOND
APPIAH, EDISON QUITO, LUIS RIOS,

                                          Plaintiffs,

                        -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICERS BRIAN DESTEFANO,
DANIEL MARDJONOVIC, STEVEN BARRY, and
"JOHN DOE" 1-50,

                                     Defendants.
------------------------------------------------------------------------x

**STIPULATION AND
ORDER OF DISMISSAL**


19 Civ. 2673 (VEC)

       **WHEREAS,** the parties have reached a settlement agreement and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that

    1.     The above-referenced action is hereby dismissed with prejudice; and

2.      Notwithstanding the dismissal of this action, the District Court shall continue to retain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Stipulation of Settlement executed by the parties in this matter.

Dated: New York, New York
_____, 2022


CYRUS JOUBIN
43 West 43rd Street, Suite 119
New York, NY 10036


By: _____
        Cyrus Joubin


HANDLEY FARAH & ANDERSON PLLC
*Attorneys for Plaintiffs*
777 6th Street NW, 11th Fl.
Washington, DC 20001


By: _____
        George Farah
        Matthew Handley
        Rebecca P. Chang


THE LEGAL AID SOCIETY
*Attorneys for Plaintiffs*
199 Water Street
New York, NY 10038


By: _____
        Corey Stoughton
        Steven Wasserman
        Molly Griffard


HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York,*
*Brian Destefano, Daniel Mardjonovic and*
*Steven Barry*
100 Church Street, 4th Floor
New York, New York 10007


By:_____
        Mark Zuckerman
        *Senior Counsel*

STROOCK & STROOCK & LAVAN
LLP
*Attorneys for Plaintiffs*
180 Maiden Lane
New York, NY 10038

By: _____
     David J. Kahne
     Michael Mallon

       SO ORDERED:


       _____
       HON. VALERIE E. CAPRONI
       UNITED STATES DISTRICT JUDGE

       Dated: _____, 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TERRON BELLE, WILLIAM RIOS, RICHMOND
APPIAH, EDISON QUITO, LUIS RIOS,

                              Plaintiffs,

                   -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICERS BRIAN DESTEFANO,
DANIEL MARDJONOVIC, STEVEN BARRY, and
"JOHN DOE" 1-50,

                             Defendants.
------------------------------------------------------------------------x

**STIPULATION OF
SETTLEMENT**

19 Civ. 2673 (VEC)

      **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about March 25, 2019, an amended complaint on or about January 3, 2020, and a second amended complaint on or about November 6, 2020, alleging, in part, that pursuant to a pattern and practice, defendants City of New York ("the City") and New York City Police Department ("NYPD") violated plaintiffs' constitutional rights by illegally detaining them for the purpose of conducting searches of NYPD databases ("NYPD record search") for records including warrants and investigation cards ("I-cards") without individualized reasonable suspicion; and

      **WHEREAS**, all defendants deny any and all liability arising out of plaintiffs' allegations in the above-captioned matter; and

      **WHEREAS,** the City represents that NYPD officers who violate the Patrol Guide revisions referenced in paragraph 10 and attached hereto as Exhibit A may be subject to discipline outlined in applicable NYPD Disciplinary System Penalty Guidelines; and

**WHEREAS,** plaintiffs have assigned all of their rights to attorneys' fees, expenses, and costs in the above-captioned matter to their counsel, Handley Farah & Anderson PLLC, the Legal Aid Society, and Stroock & Stroock & Lavan LLP; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS**, defendants maintain that the releases agreed to herein should not be used as precedent for future alterations to Special Federal Litigation Division's standard general release ("Standard Release") as this case involved unique circumstances including, but limited to, defendants' belief that plaintiffs had agreed to the Standard Release at the settlement conference before the Hon. Barbara Moses where the parties reached agreement on money damages, which was then followed by several months of negotiation on equitable terms to which the parties reached agreement, and in defendants' view, defendants were only at that point made aware of plaintiffs' position that they did not agree to the Standard Release;

**WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the attorneys of record for the respective parties to the above-captioned action, as follows:

1.      The above-referenced action is hereby dismissed against defendants City of New York, NYPD Officer Brian DeStefano, NYPD Officer Daniel Mardjonovic, and NYPD Officer Steven Barry, with prejudice and without costs, expenses, or fees in excess of the amounts specified in paragraphs 2 through 7 below.

2.     Defendant City of New York hereby agrees to pay plaintiff Terron Belle the sum of Three Thousand Dollars ($3,000), as well as to the relief set forth in paragraphs 10 through 13, in full satisfaction of all claims, including claims for costs, expenses, and attorneys' fees. In consideration for the payment of these sums, Terron Belle agrees to the dismissal of all the claims in the above-captioned matter against the defendants City of New York, NYPD Officer Brian DeStefano, NYPD Officer Daniel Mardjonovic, and NYPD Officer Steven Barry, and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action known, or reasonably should have been known, alleging a violation of Terron Belle's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees, except for claims, if any, arising from the City's alleged unlawful retention, maintenance, or handling of sealed arrest or criminal court records, claims that would arise if he has been wrongfully listed in the NYPD's Criminal Group Database, claims that would arise if his DNA has been wrongfully collected, stored, or used by the City, and claims arising from the City's COVID-19 vaccination requirements and distribution.

3.     Defendant City of New York hereby agrees to pay plaintiff William Rios the sum of Three Thousand Dollars ($3,000), as well as to the relief set forth in paragraphs 10 through 13, in full satisfaction of all claims, including claims for costs, expenses, and attorneys' fees. In consideration for the payment of these sums, William Rios agrees to the dismissal of all the claims in the above-captioned matter against the defendants City of New York, NYPD Officer Brian DeStefano, NYPD Officer Daniel Mardjonovic, and NYPD Officer Steven Barry, and to release the defendants and any present or former employees and agents of the City of New York

or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action known, or reasonably should have been known, alleging a violation of William Rios' civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees, except for claims, if any,  arising from the City's alleged unlawful retention, maintenance, or handling of sealed arrest or criminal court records, claims that would arise if he has been wrongfully listed in the NYPD's Criminal Group Database, claims that would arise if his DNA has been wrongfully collected, stored, or used by the City, and claims arising from the City's COVID-19 vaccination requirements and distribution.

4.     Defendant City of New York hereby agrees to pay plaintiff Richmond Appiah the sum of Nineteen Thousand Dollars ($19,000), as well as to the relief set forth in paragraphs 10 through 13, in full satisfaction of all claims, including claims for costs, expenses, and attorneys' fees. In consideration for the payment of these sums, plaintiff Richmond Appiah agrees to the dismissal of all the claims in the above-captioned matter against the defendants City of New York, NYPD Officer Brian DeStefano, NYPD Officer Daniel Mardjonovic, and NYPD Officer Steven Barry, and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action known, or reasonably should have been known, alleging a violation of Richmond Appiah's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees, except for claims, if any, arising from the City's alleged unlawful retention, maintenance, or handling of sealed arrest or criminal court records, claims that would arise if he has been wrongfully listed in the NYPD's Criminal Group Database, claims that would

arise if my DNA has been wrongfully collected, stored, or used by the City, claims arising from the City's COVID-19 vaccination requirements and distribution, and claims arising from a traffic stop on May 13, 2021.

5.    Defendant City of New York hereby agrees to pay plaintiff Edison Quito the sum of Eight Thousand Dollars ($8,000), as well as to the relief set forth in paragraphs 10 through 13, in full satisfaction of all claims, including claims for costs, expenses, and attorneys' fees. In consideration for the payment of these sums, plaintiff Edison Quito agrees to the dismissal of all the claims in the above-captioned matter against the defendants City of New York, NYPD Officer Brian DeStefano, NYPD Officer Daniel Mardjonovic, and NYPD Officer Steven Barry, and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action known, or reasonably should have been known, alleging a violation of Edison Quito's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees, except for claims, if any,  arising from the City's alleged unlawful retention, maintenance, or handling of sealed arrest or criminal court records, claims that would arise if he has been wrongfully listed in the NYPD's Criminal Group Database, claims that would arise if his DNA has been wrongfully collected, stored, or used by the City, claims arising from the City's COVID-19 vaccination requirements, and claims arising from the arrest of my wife, Diana Ordonez, in the summer of 2021.

6.    Defendant City of New York hereby agrees to pay plaintiff Luis Rios the sum of Three Thousand Dollars ($3,000), as well as to the relief set forth in paragraphs 10 through 13, in full satisfaction of all claims, including claims for costs, expenses, and attorneys' fees. In

consideration for the payment of these sums, plaintiff Luis Rios agrees to the dismissal of all the claims in the above-captioned matter against the defendants City of New York, NYPD Officer Brian DeStefano, NYPD Officer Daniel Mardjonovic, and NYPD Officer Steven Barry, and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action known, or reasonably should have been known, alleging a violation of Luis Rios' civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees, except for claims, if any,  arising from the City's alleged unlawful retention, maintenance, or handling of sealed arrest or criminal court records, claims that would arise if he has been wrongfully listed in the NYPD's Criminal Group Database, and claims that would arise if his DNA has been wrongfully collected, stored, or used by the City.

7.     Defendant City of New York hereby agrees to pay plaintiffs' counsel, Handley Farah & Anderson PLLC, the Legal Aid Society, and Stroock & Stroock & Lavan LLP, the total sum of Four Hundred and Seventeen Thousand, Seven Hundred Thirty-Three Dollars ($417,733) in full satisfaction of plaintiffs' claims for attorneys' fees, expenses, and costs in the above-captioned matter.  In consideration for the payment of $417,733, plaintiffs and their counsel hereby release and discharge defendants City of New York, NYPD Officer Brian DeStefano, NYPD Officer Daniel Mardjonovic, and NYPD Officer Steven Barry; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all claims of attorneys' fees, expenses, and costs that were or could have been alleged in the above-captioned matter.

8.      Plaintiffs hereby agree and represent that no other claims for attorneys' fees, expenses, or costs arising out of this action shall be made by or on behalf of plaintiff in any application for attorneys' fees, expenses, or costs at any time.  Plaintiffs also agree that they have assigned their rights to the attorneys' fees, costs and expenses set forth in paragraph 7 above to their undersigned attorneys.

9.      Plaintiffs shall execute and deliver to the defendants' attorney all documents necessary to effect this settlement, including, without limitation, General Releases based on the terms of paragraphs 2-8 above and Affidavits of Status of Liens.  Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit.  A Medicare Set- Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

10.     The defendant City represents that NYPD Patrol Guide Procedure Nos. 208-22 and 208-23, attached as Exhibit A, have been issued in the standard procedure for issuance of such patrol guide sections.

11.     The defendant City represents that a FINEST Message in the form annexed hereto as Exhibit B has been issued by the NYPD, and Commanding Officers of each precinct (or the equivalent) have or will ensure that members of their commands are apprised of the contents of this FINEST Message. The defendant City represents that the above-referenced FINEST Message (Ex. B) is being read at each roll call at every command for ten (10) consecutive days beginning on December 9, 2022. Six months from the date of this stipulation, the defendant City

will direct each command to read the FINEST message (Ex. B) at each roll call at each command for five (5) consecutive days.

12.     On or before January 31, 2023, The NYPD represents that it will conduct a customary command level training based on the New York City Police Academy Training Memo entitled "Warrant and I-Card Checks," a copy of which is annexed hereto as Exhibit C.   In furtherance thereof, the training sergeant for each precinct (or the equivalent) attended on December 6, 2022 a training seminar on the contents of such Training Memo.   The training sergeant for each precinct (or the equivalent) has or will train the officers in their commands in compliance with their responsibilities under Patrol Guide No. 202-19.

13.     Any future modification of Patrol Guide Procedures Nos. 208-22 and 208-23 or the related training referred to herein will comply with the laws of the United States of America, the State of New York, and the City of New York. Plaintiffs' counsel will be provided notice of any substantive changes to the revisions of Patrol Guide Procedures Nos. 208-22 or 208-23 set forth herein, if any, for a period of l2 months from the effective date of the revisions to Patrol Guide Procedures Nos. 208-22 and 208-23 set forth herein.

14.     Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. The terms of this stipulation shall not be admissible in, nor are they related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

15.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

16.     Plaintiffs agree to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter.  If conditional and/or future anticipated Medicare payments have not been satisfied, the City of New York reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

17.     This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
          _____, 2022

CYRUS JOUBIN
43 West 43rd Street, Suite 119
New York, NY 10036

By: _____
          Cyrus Joubin

HANDLEY FARAH & ANDERSON PLLC
*Attorneys for Plaintiffs*
777 6th Street NW, 11th Fl.
Washington, DC 20001

By: _____
          George Farah
          Matthew Handley
          Rebecca P. Chang

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York,*
*Brian Destefano, Daniel Mardjonovic and*
*Steven Barry*
100 Church Street, 4th Floor
New York, New York 10007

By:_____
          Mark Zuckerman
          *Senior Counsel*

THE LEGAL AID SOCIETY
*Attorneys for Plaintiffs*
199 Water Street
New York, NY 10038

By: _____
      Corey Stoughton
      Steven Wasserman
      Molly Griffard

      STROOCK & STROOCK & LAVAN
      LLP
      *Attorneys for Plaintiffs*
      180 Maiden Lane
      New York, NY 10038

By: _____
      David J. Kahne
      Michael Mallon

# Exhibit A

# PATROL GUIDE



| Section:  Arrests | Procedure No:   208-22 |
|---|---|

## PERFORMING LOCAL, STATE AND FEDERAL WARRANT CHECKS

| DATE EFFECTIVE:<br>10/20/2022 | LAST REVISION:<br>I.O. 105 | PAGE:<br>1 of 3 |
|---|---|---|

**PURPOSE**   To assess an individual's fugitive status.

**POLICY**   A person may not be detained while a search for a warrant is conducted unless reasonable suspicion the person was committing, committed or is about to commit a felony or a Penal Law misdemeanor or there is probable cause the person committed a crime, violation, or vehicle infraction. Authority to detain a suspect ends when the tasks tied to the reason for the stop are completed or reasonably should have been completed. Once the tasks tied to the reason for the stop are completed or reasonably should have been completed, a person may not continue to be detained to search for a warrant.

**PROCEDURE**   Whenever it is necessary to conduct a warrant check:

**MEMBER CONCERNED**

1. Conduct a warrant check using appropriate Department resources (i.e., Domain Awareness System [DAS/DAS Lite], FINEST, Communications Section, etc.).
   a. Include search of state and federal warrant files (when using DAS/DAS Lite, check "Include NYSPIN Results").
   b. Conduct further inquiry if there is an exact pedigree match and/or a corresponding New York State Identification (NYSID) number (using the "NYSID" search box within DAS/DAS Lite).
   c. View "Summary Report" after search results are received when using DAS/DAS Lite to check if aliases or different names have different results.
2. Determine if an active warrant exists.
   a. View warrant within appropriate Department databases, if applicable.
3. Determine if an Originating Case Agency serial number (OCA #) or an **INVESTIGATION CARD (PD373-163)** has been assigned.
   a. Comply with "Additional Data" statement, if certain OCA #s have been assigned.
   b. Comply with *P.G. 208-23, "Computerized Investigation Card System,"* if an **INVESTIGATION CARD** has been assigned.

4. Verify validity of warrant (i.e., contact Warrant Verification Desk, Real Time Crime Center, utilize Criminal Record Information and Management System [CRIMS], etc.).

*ADDITIONAL DATA*   <u>*WARRANTS*</u>

*Warrants are issued OCA #s by Warrant Section to identify a warrant as follows:*

## NEW • YORK • CITY • POLICE • DEPARTMENT

# PATROL GUIDE

| PROCEDURE NUMBER: | DATE EFFECTIVE: | LAST REVISION: | PAGE: |
|---|---|---|---|
| 208-22 | 10/20/2022 | I.O. 105 | 2 of 3 |

**ADDITIONAL DATA (continued)**

| LETTER | Designates the TYPE OF WARRANT and COURT OF ISSUANCE Followed by YEAR |
|---|---|
| YEAR | Designates the year issued.  Followed by NUMBER |
| NUMBER | Indicates the BOROUGH DESIGNATION of the court and is followed by an additional/sequential number |

*Borough Designation #*
*Manhattan - 1, Brooklyn - 2, Bronx - 3, Queens - 4, Richmond - 5*
*An example of an OCA #:*
*OCA # R2018100001*
*R* ➔ *Supreme Court/Bench Warrant*
*2018* ➔ *Year of Issuance*
*1* ➔ *Manhattan*
*00001* ➔ *The first Supreme Court/Bench Warrant issued in Manhattan during the year 2018.*

*The following is a list of OCA # letter designations indicating WARRANT TYPE and COURT OF ISSUANCE:*

| LETTER | TYPE OF WARRANT | COURT | VERIFICATION |
|---|---|---|---|
| A | Summons | Criminal Court | CRIMS |
| B | Summons/Unclassified MISD | Criminal Court | CRIMS |
| C | Bench Warrant/MISD. | Criminal Court | CRIMS |
| D | Bench Warrant/FELONY | Criminal Court | CRIMS |
| E | Arrest Warrant | Criminal Court | CRIMS |
| F | Arrest Warrant | Supreme Court | CRIMS |
| H | P.I.N.S. | Family Court | Family Court |
| J | Juvenile Delinquent | Family Court | Family Court |
| K | Bench Warrant/Violation | Criminal Court | CRIMS |
| M | Other Family Court Act | Family Court | Family Court |
| N | Abuse/Neglect | Family Court | Family Court |
| P | Violation Probation | Supreme Court | CRIMS |
| R | Bench Warrant | Supreme Court | CRIMS |

**NEW • YORK • CITY • POLICE • DEPARTMENT**

## PATROL GUIDE

| PROCEDURE NUMBER: | DATE EFFECTIVE: | LAST REVISION: | PAGE: |
|---|---|---|---|
| 208-22 | 10/20/2022 | I.O. 105 | 3 of 3 |

**ADDITIONAL DATA** *(continued)*

| LETTER | TYPE OF WARRANT | COURT | VERIFICATION |
|---|---|---|---|
| S | Parole Violator | New York State Department of Corrections and Community Supervision (DOCCS) | DOCCS |
| V | Bench/FEL vs Person | Criminal Court | CRIMS |
| W | Support | Family Court | Family Court |
| Y | Material Witness | D.A. Office | NYPD DA SQUAD |
| Q | Recidivist | Not a warrant | Notify Unit Concerned |
| X | Narcotic Violator | Not a warrant | NICC |
| I | Investigation | Not a warrant | Detective Borough Wheel |

*An OCA # designation preceded by the letter A, B, C, D, E, F, H, J, K, M, N, P, R, S, V, W, or Y is an indication of a POSSIBLE WARRANT and is not sufficient authority for arrest.*

*Family Court and Parole Warrant status cannot be verified utilizing the CRIMS court computer application.*
*A search indicating letter designations H, J, M, N or W, are Family Court warrants and require verification from the Family Court concerned (i.e., Manhattan, Brooklyn, Bronx, Queens and/or Staten Island). A docket number is needed.*

*Telephone verifications are to be made during Family Court business hours, 0900 to 1700 hours, Monday through Friday.*

*"J" (Juvenile Warrants) can be verified by contacting Juvenile Crime Desk, (Real Time Crime Center).*

*If DAS/DAS Lite search indicates letter designation "S," be guided by instructions provided by DAS/DAS Lite.*

*CRIMS is controlled by the N.Y.S. Office of Court Administration. User access is granted by the state. Members can apply for access via NYS Unified Court System CRIM Application Security Request For NON-UCS Personnel (Form UCS-SEC-1 CRIM) by contacting the NYS Office of Court Administration.*

*Members of the service are directed to refer to Patrol Guide 212-11, "Investigative Encounters: Requests for Information, Common Law Right of Inquiry and Level 3 Stops" when detaining individuals.*

**FORMS AND REPORTS**

**INVESTIGATION CARD (PD373-163)**

**NEW • YORK • CITY • POLICE • DEPARTMENT**

# PATROL GUIDE



| Section: Arrests | Procedure No:   208-23 |
|---|---|
| **COMPUTERIZED INVESTIGATION CARD SYSTEM** | |

| DATE EFFECTIVE:<br>10/20/22 | LAST REVISION:<br>I.O. 105 | PAGE:<br>1 of 3 |
|---|---|---|

**PURPOSE**  To ensure that an investigator originating an **INVESTIGATION CARD (PD373-163)** is notified, as appropriate, when an individual named in **INVESTIGATION CARD** comes into contact with police.

**POLICY**  A person may not be detained while a search for an **INVESTIGATION CARD** is conducted unless reasonable suspicion the person was committing, committed or is about to commit a felony or a Penal Law misdemeanor or there is probable cause the person committed a crime, violation, or vehicle infraction. Authority to detain a suspect ends when the tasks tied to the reason for the stop are completed or reasonably should have been completed. Once the tasks tied to the reason for the stop are completed or reasonably should have been completed, a person may not continue to be detained to search for an **INVESTIGATION CARD**.

**PROCEDURE**  When a uniformed member of the service becomes aware of an **INVESTIGATION CARD** in an arrest situation or a non-arrest situation:

ARREST SITUATIONS

**ARRESTING OFFICER**
1. Follow appropriate arrest processing guidelines.
2. Determine if prisoner is subject of an **INVESTIGATION CARD**.
   a. Conduct name check of individual using appropriate Department resources.
3. Contact appropriate originator when an active **INVESTIGATION CARD** is discovered.
   a. Contact appropriate Detective Borough Wheel, if **INVESTIGATION CARD** is originated by a member of Detective Bureau.
      (1) Contact Detective Bureau Wheel, if Detective Borough Wheel is unavailable.
   b. Contact Intelligence Bureau's Criminal Intelligence Section, Regional Intelligence Support Center (RISC), if **INVESTIGATION CARD** is originated by an outside agency or Field Intelligence Officer (FIO).
4. Comply with instructions provided.

INDIVIDUAL IS NOT UNDER ARREST

**UNIFORMED MEMBER OF THE SERVICE**
5. Determine if individual is subject of an **INVESTIGATION CARD**.
   a. Conduct name check of individual using appropriate Department resources.
   b. Determine whether **INVESTIGATION CARD** indicates individual is a:
      (1) *Perpetrator - Probable Cause To Arrest*

**NEW • YORK • CITY • POLICE • DEPARTMENT**

## PATROL GUIDE

| PROCEDURE NUMBER: | DATE EFFECTIVE: | LAST REVISION: | PAGE: |
|---|---|---|---|
| 208-23 | 10/20/22 | I.O. 105 | 2 of 3 |

**UNIFORMED MEMBER OF THE SERVICE (continued)**

                  (2)    *Suspect Only - No Probable Cause To Arrest*
                  (3)    *Witness.*

6.    Contact appropriate Detective Borough Wheel that originated **INVESTIGATION CARD**.

    a.    Contact Detective Bureau Wheel, if Detective Borough is unavailable.

    b.    Contact Intelligence Bureau's Criminal Intelligence Section, Regional Intelligence Support Center (RISC), if **INVESTIGATION CARD** originated by an outside agency or FIO.

    c.    Confirm validity of **INVESTIGATION CARD**.

7.    Detain individual named on **INVESTIGATION CARD**, if described as "*Perpetrator - Probable Cause To Arrest*."

    a.    Obtain further instructions from appropriate authority (i.e., investigator, investigative supervisor, Detective Bureau Captain).

8.    **DO NOT handcuff or otherwise physically restrain individual**, if **INVESTIGATION CARD** is described as "*Suspect Only - No Probable Cause To Arrest*" or "*Witness.*"

    a.    Inform individual he/she is free to leave at any time; **and**,

    b.    Comply with instructions provided by investigator in the "*Specific Instructions for Apprehending Officers*" caption box of **INVESTIGATION CARD**, if possible; **and**,

    c.    Attempt to get individual to voluntarily consent to remain until an investigator arrives, if applicable.

<u>IN ALL CASES</u>

**UNIFORMED MEMBER OF THE SERVICE**

9.    Make digital **Activity Log** entry, including pertinent information received on **INVESTIGATION CARD**, rank, name and tax number of member contacted in regard and instructions received.

10.    Notify desk officer regarding **INVESTIGATION CARD**.

**DESK OFFICER/ COUNTERPART**

11.    Ensure that if individual named on **INVESTIGATION CARD** is listed as "*Suspect Only - No Probable Cause to Arrest,*" "*Witness*" or unless specifically informed by competent authority that the person in question is not to be arrested, then:

    a.    Ensure individual is **NOT handcuffed or otherwise physically restrained**; <u>and</u>,

    b.    Ensure, individual is informed that he/she is free to leave at any time; **and**,

    c.    Ensure, the instructions provided by the investigator in the "*Specific Instructions for Apprehending Officers*" caption box of the **INVESTIGATION CARD** are performed, if possible; **and**,

    d.    Ensure an attempt is made to get individual to voluntarily consent to remain until an investigator arrives, if applicable.

**NEW • YORK • CITY • POLICE • DEPARTMENT**

## PATROL GUIDE

| PROCEDURE NUMBER: | DATE EFFECTIVE: | LAST REVISION: | PAGE: |
|---|---|---|---|
| 208-23 | 10/20/22 | I.O. 105 | 3 of 3 |

**ADDITIONAL DATA**   *Members of the service are directed to refer to* Patrol Guide 212-11, "Investigative Encounters: Requests for Information, Common Law Right of Inquiry and Level 3 Stops" *when detaining individuals.*

**FORMS AND REPORTS**   *INVESTIGATION CARD (PD 373-163)*

**NEW • YORK • CITY • POLICE • DEPARTMENT**

# Exhibit B



**DATE:**    2022-12-09
**TIME:**    10:21:23
**SER#:**    42304245

# FINEST MESSAGE
## General Administrative Information

TO: ALL COMMANDS
RE: NEW PATROL GUIDE PROCEDURE NUMBERS 208-22, "PERFORMING LOCAL,
    STATE AND FEDERAL WARRANT CHECKS" AND 208-23, "COMPUTERIZED
    INVESTIGATION CARD SYSTEM"

ON OCTOBER 26, 2022, THE DEPARTMENT ISSUED NEW PATROL GUIDE PROCEDURE NUMBERS
208-22 AND 208-23 RELATED TO WARRANT CHECKS AND INVESTIGATION CARDS.  THESE
PROCEDURES INFORM MEMBERS OF SERVICE THAT A PERSON MAY NOT BE DETAINED WHILE A
SEARCH FOR A WARRANT OR INVESTIGATION CARD IS CONDUCTED UNLESS REASONABLE
SUSPICION THAT THE PERSON WAS COMMITTING, COMMITTED OR IS ABOUT TO COMMIT A
FELONY OR PENAL LAW MISDEMEANOR, OR THERE IS PROBABLE CAUSE THAT THE PERSON
COMMITTED A CRIME, VIOLATION, OR TRAFFIC INFRACTION. ONCE REASONABLE SUSPICION
IS ESTABLISHED, THE SUSPECT MAY ONLY BE DETAINED AS LONG AS NECESSARY TO
CONFIRM OR DISPEL SUSPICION. THE AUTHORITY TO DETAIN A SUSPECT ENDS WHEN THE
TASK RELATED TO THE REASON(S) FOR THE STOP ARE COMPLETED OR REASONABLY SHOULD
HAVE BEEN COMPLETED, AND THAT PERSON MAY NO LONGER BE DETAINED FOR THE PURPOSE
OF SEARCHING FOR A WARRANT OR INVESTIGATION CARD.

PLEASE REFER TO PATROL GUIDE PROCEDURE 212-21, "INVESTIGATIVE ENCOUNTERS:
REQUESTS FOR INFORMATION, COMMON LAW RIGHT OF INQUIRY AND LEVEL 3 STOPS" WHEN
DETAINING INDIVIDUALS.

QUESTIONS ABOUT THESE PATROL GUIDE PROCEDURES MAY BE DIRECTED TO THE LEGAL
BUREAU AT (646) 610-5400, MONDAY THROUGH FRIDAY, 0700 - 2300 HOURS. AT ALL
OTHER TIMES, AN ON-CALL ATTORNEY MAY BE REACHED VIA THE OPERATIONS DIVISION.
COMMANDING OFFICERS WILL ENSURE THAT MEMBERS OF THEIR COMMANDS ARE APPRAISED
OF THE CONTENTS OF THIS MESSAGE. ADDITIONALLY, THIS MESSAGE IS TO BE READ AT
ROLL CALL AT EVERY COMMAND FOR 10 CONSECUTIVE DAYS. A SUBSEQUENT FINEST
MESSAGE WILL DIRECT THAT THE CONTENTS OF THIS MESSAGE BE READ FOR AN
ADDITIONAL FIVE CONSECUTIVE DAYS.

AUTHORITY: ACTING DEPUTY COMMISSIONER, LEGAL MATTERS
OPERATOR:  DET SMERTIUK
LOG #S:    OCD 2022-5625, DCLM 1024/2022, PALS 2022-707
APRT

# Exhibit C

 

# Training Bureau Bulletin

**TBB # 018-2022**                              **December 7, 2022**

## WARRANT and I-Card CHECKS

**PURPOSE**

As a result of a settlement of a putative class action lawsuit in federal court where plaintiffs allege that NYPD was unlawfully detaining individuals to conduct "record searches" including warrants and I-cards, Legal Bureau implemented changes to the Patrol Guide Sections 208-22 "Performing Local, State and Federal Warrant Checks" and 208-23 "Computerized Investigation Card System". This training memo reemphasizes Department policy with regard to when warrant and I-card searches may be performed by members of the service.

**KEY POINTS OF THE REVISIONS**

- A person may not be detained while a search for a warrant or investigation card is conducted unless reasonable suspicion exists that the person was committing, committed or is about to commit a felony or Penal Law misdemeanor or there is probable cause that the person committed a crime, violation, or vehicle infraction.
- Once reasonable suspicion is established, the suspect may be detained only as long as necessary to confirm or dispel your suspicion.
- The authority to detain an individual ends when the tasks tied to the reason for the stop are completed or reasonably should have been completed.
- A member of the service may not continue to detain an individual for the purpose of searching for a warrant or I-card when the tasks tied to the reason for the stop are completed or reasonably should have been completed.

**EXAMPLE**

- Should you stop a vehicle based on probable cause that the driver is talking on a cellphone, but when you approach you realize that she/he was not talking on a cellphone, you may not continue the stop of the vehicle in order to run a warrant or I-card search after you realize that no offense had taken place.

NYPD officers who violate the Patrol Guide revisions to 208-22 and 208-23 that are outlined in this bulletin may be subject to discipline under NYPD Disciplinary System Penalty Guidelines.

Members of Service are directed to refer to Patrol Guide 212-11 "Investigative Encounters: Requests for Information, Common Law Right of Inquiry and Level 3 Stops" when detaining individuals.

If a member of the service has questions related to performing a warrant, I-card, or any other record search, they may call the Legal Bureau at 646-610-5400.

XXX